EUGENE SCHWENDER *vs.* WILLIAM E. SCHRAFFT.

Suffolk.    October 18, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Contract,* Construction, Performance and breach, For architect's services.
*Architect.*

In an action by an architect to recover compensation for services to the defendant in the preparation of plans and specifications, where it appeared that the defendant had abandoned any intention of building and in effect had refused to accept the plans and specifications, and where it did not appear that the plaintiff had refused to deliver them, the defendant is not entitled to a ruling that their delivery to the defendant was necessary in order to entitle the plaintiff to compensation.

Where, at the trial of an action by an architect for his services in connection with the preparation of plans and specifications for the construction of a dwelling house for the defendant, there is evidence tending to show that the instructions given to the plaintiff by the defendant named a sum as the amount which the defendant wished to expend only by way of an estimate while requiring the preparation of the plans and specifications according to his exact wishes with regard to size, details and methods of construction, and that there was no agreement that the plaintiff should prepare plans and specifications for a building that was to cost a sum not in excess of a stated sum, it is proper for the judge to refuse to instruct the jury that the plaintiff could not prevail unless the cost of the building in accordance with the plans submitted by the plaintiff was "reasonably close to the sum specified by the defendant."

CONTRACT, upon an account annexed of twenty-seven items, to recover for services and disbursements as an architect in the preparation and revision of plans and specifications and the procuring of estimates for the construction of a dwelling house in Winchester for the defendant. Writ dated December 4, 1920.

In the Superior Court the case was referred to an auditor and afterwards was tried before *Callahan,* J., upon the auditor's report and other evidence. The defendant did not contest as to ten of the items of the account, which related to the procuring of revised estimates from contractors. The defendant asked for the following rulings:

" That plaintiff cannot recover for plans prepared by him unless the cost of the building is reasonably close to the sum specified by defendant.

" That plaintiff cannot recover for the mere preparation of plans, drawings and specifications unless he can show delivery and acceptance of same.

" That plaintiff cannot recover for the mere preparation of plans, drawings and specifications unless he can show delivery of same.

" Plaintiff cannot recover because he never delivered to defendant the drawings, plans and specifications prepared by him."

The judge refused to give the rulings asked for. The jury found for the plaintiff in the sum of $6,741.82. The defendant alleged exceptions.

The case was submitted on briefs.

*R. H. O. Schulz,* for the defendant.

*C. G. Morse,* for the plaintiff.

JENNEY, J. In this action by an architect to recover compensation for his services, two questions are presented by the defendant's exceptions to the refusal of requests for instructions, as argued in his behalf. The first relates to the necessity of delivery of plans and specifications; and the second to the result of failure to prepare plans and specifications for a building that could be constructed for a sum reasonably approximating the amount specified by the employer as the cost of the proposed building.

The case was referred to an auditor and, on the coming in of his report, was tried by jury, evidence other than the report being introduced.

1. The auditor found that the defendant abandoned any intention of building. This action is for services performed and expenses incurred in the preparation of the plans and specifications, which the defendant does not now desire to use and in effect refused to accept, claiming that they did not conform to his contract with the plaintiff. There was no evidence of a refusal to deliver them. In the circumstances, no delivery was necessary in order to entitle the plaintiff to compensation. See *Kutts* v. *Pelby,* 20 Pick. 65.

2. The requested ruling that the plaintiff cannot prevail unless the cost of building in accordance with the plans was " reasonably close to the sum specified by the defendant " is now considered. It sought the positive and unqualified application of a proposition which did not control in the light of the evidence. One who proposes to build·may in his contract of employment of an architect state an amount as the limit of cost of the building which is to be erected and provide that at least reasonable conformity to this requirement shall be a condition under which the services shall be rendered; or it may result from the terms of the agreement that the cost of the proposed building shall not be in excess of a definite maximum. If either result follows from the construction of the contract, liability for services is negatived unless the building can be built for an amount reasonably within restrictions upon expenditure. But a contract may be made in which the sum named is only by way of estimate, and where the instructions given require the preparation of plans and specifications for the construction of a building according to the expressed wishes of the owner as to size, method, and details of construction. In such a case, mere nonconformity in the cost of construction under the plans and specifications with the amount so estimated does not prevent a recovery, and the general request now considered is inapplicable. The requested instruction was not directed to the effect of an employment conditional in nature, such as has been described. Had it been given, it then would have been the duty of the jury to find for the defendant in case a statement of proposed expenditure was specified in the contract, but not by way of a condition or as a controlling element, and even although coupled with instructions to accomplish a definite result regardless of a larger cost.

The auditor found " there was no agreement, . . . to prepare plans and specifications " for a building that was " to cost a sum not in excess of an amount stated. The defendant had in mind, and told the plaintiff that he was ready to spend, $40,000 . . . but he also insisted that he wanted a lot of special features that he specified, and concerning the cost of which neither he nor the plaintiff could

determine until they had received bids for the same. When it [was] discovered that the first studies, . . . although they embodied general features of construction which the defendant desired to obtain, would run into an expenditure beyond that contemplated by the defendant, an attempt was made to revise the general plan to such an extent that the expense would probably be materially reduced." The auditor further found that after the receipt of bids still another attempt to eliminate some of the more expensive parts of construction was made and again there was failure to scale down the cost to a point where the defendant was willing to proceed in the construction of the building. In view of this evidentiary finding the ruling was rightly refused.

*Exceptions overruled.*