[No. 18635. Department Two. October 23, 1924.]

## W. H. SEXTON, *Respondent*, v. JOHN REILLY *et al.*, *Appellants*.[1]

EVIDENCE (168) — PAROL TO VARY WRITING — CONTEMPORANEOUS AGREEMENTS—CONTRACT FOR BROKER'S COMMISSIONS. A full and complete written contract for the conveyance of real estate cannot be varied by parol evidence of a further condition, orally agreed upon, in default of which the deal was to be declared off.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 30, 1923, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action on contract. Affirmed.

*F. W. Girand,* for appellants.

*Burton J. Onstine* and *Del Cary Smith,* for respondent.

FULLERTON, J.—The respondent, Sexton, is a real estate broker in the city of Spokane, and as such negotiated for an exchange of certain property of the appellants, consisting of an apartment house in Spokane, for a farm in Grant county belonging to Henry Wolf and wife. After the negotiations had proceeded for some time, the following contract was executed by Wolf and Reilly, their respective wives joining therein:

"This Agreement, made and entered into, in duplicate this first day of November, 1922, by and between

[1]Reported in 229 Pac. 305.

John Reilly and May Reilly, husband and wife, of Spokane, Washington, the parties of the first part, and Henry Wolf and Theresa Wolf, husband and wife, the parties of the second part, Witnesseth: '

"That said parties hereby agree to an exchange of the following described properties upon the following terms and conditions, towit: Said parties of the first part agree to sell and transfer by warranty deed to said parties of the second part, the north one hundred feet (N100) feet of Lots One (1) and Two (2) in Block One Hundred Ten (110) of Fourth Addition to Railroad Addition to Spokane Falls, now Spokane, according to the recorded plat thereof situated in the city and county of Spokane, state of Washington, free and clear of all encumbrances, and also to convey by bill of sale to said parties of the second part all of the linoleum located in ·rooms 3, 4, 16, 17, 22, 23, 29, 30, 35 and 36 and upon all the halls and stairs in the Avondale Apartments located on said premises free and clear of all encumbrances; and in consideration thereof, said parties of the second part hereby agree to sell and convey by warranty deed to said parties of the first part the south half (S½) of Section Three (3) in Township Twenty-six (26) North of Range Twenty-nine (29) E. W. M., in Grant County, Washington, containing 320 acres according to the government survey, free and clear of all encumbrances, and also agrees to sell and convey by bill of sale to said first parties eight head of horses, two wagons, one gang plow, one harrow, wood frame, 1 drill, two set harness, all hay in barn and straw in field and one McCormick combine harvester free and clear of all encumbrances, and also agrees to pay to said parties of the first part the sum of Twenty-five hundred ($2500) Dollars in cash.

"Each of said parties agree to furnish abstracts of title or title policies showing their respective properties free and clear of all encumbrances and good marketable titles; said deal is to be consummated and insurance adjusted as of the date of December 1, 1922, and possession to be delivered as soon as deal can be consummated. It being understood that said Avondale Apartments are now subject to a lease of $175.00

per month and said parties of the second part accept said premises subject to said lease; said second parties are to receive the rents from said premises from and after November 1, 1922.

"Each of said parties agree to pay W. H. Sexton the sum of Five Hundred ($500.00) Dollars as commission for his services in the negotiation of said exchange of properties."

The appellants having failed to carry out the provisions of the contract, this suit was brought by respondent for the commission provided in the contract to be paid to him for his services in negotiating the proposed transfer.

The appellants answered the complaint, admitting the execution of the contract, but for an affirmative defense claimed there was an oral contemporaneous agreement between appellants and respondent that respondent was to secure a transfer of a $10,000 mortgage on the apartment house to the Grant county property, and that if he was unable to secure the transfer, the deal should be declared off and no commission should be owing to him. While the lower court heard testimony as to this alleged contemporaneous agreement, over the objection of the respondent, it finally directed the jury to find for the plaintiff, respondent here.

We find no error in the action of the trial court. The appellants are seeking to vary the terms of a written agreement by parol testimony. This is not the rule. The contract is full and complete in itself. If all the terms and conditions of the agreement entered into during the negotiations were not incorporated in it, that is appellants' misfortune; they cannot be permitted to add to it by parol.

The judgment is affirmed.

MAIN, C. J., MACKINTOSH, MITCHELL, and PEMBERTON, JJ., concur.