[No. 19054. Department One. May 20, 1925.]

LOUIS SVARZ, *Respondent,* v. ANNA C. DUNLAP, *Appellant.*[1]

EVIDENCE (169, 179)—PAROL EVIDENCE—TO EXPLAIN WRITTEN CON-TRACT—AMBIGUITY. Parol evidence is admissible to show the size, character and agreed cost of the building contemplated, where those matters were not covered by the writing.

CONTRACTS (36)—VALIDITY OF ASSENT—FRAUD—EVIDENCE — AD-MISSIBILITY. In an architect's action to recover compensation for plans for an apartment building, it is admissible to show that plaintiff knew that the building planned could not be erected for the sum contemplated, as tending to show fraudulent inducement to enter into the contract.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 27, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*Hartman & Hartman,* for appellant.

*Carkeek, McDonald, Harris & Coryell* and *Frank E. Holman,* for respondent.

MAIN, J.—The plaintiff brought this action to recover compensation for the drawing of plans for an apartment building. The trial to the court without a jury resulted in a judgment in his favor for the sum of $2,580, from which the defendant appeals.

The facts are these: The appellant was the owner of a lot on the southwest corner of Belmont avenue and Howell street, in the city of Seattle. The respondent

[1] Reported in 235 Pac. 801.

was an architect practicing his profession in the same city. Appellant desired to construct an apartment house upon the lot which she owned and the respondent desired to draw the plans and supervise the building of the same. They had apparently some negotiations looking to this end, the exact nature of which we are not informed because the trial court rejected the testimony pertaining thereto. After the plans were drawn, the appellant was invited by the respondent to come to his office and he there gave her a copy of the plans and required her to sign this writing:

"Seattle, November 10th, 1922.
"Louis Svarz, Architect,
  "208 Columbia Street,
  "Seattle, Washington.
"Dear Sir:

"In reference to the proposed apartment building to be erected by me on the southwest corner of Belmont Ave. and Howell St., I do hereby authorize you to proceed with the drawing up of complete Plans and Specifications for same for which services I agree to pay you a sum equal to four (4) percent of the total or estimated cost of building.

"I further agree to pay you an additional sum equal to two (2) percent of total cost of building for your supervision of same during construction.

"I further agree that in case I shall not proceed with the construction of above building by the 15th day of February, 1923, I shall then pay you a sum equal to three (3) per cent of the estimated cost of same and this amount to apply on account should I proceed at some future date.

"It is understood that the plans and specifications shall always remain the property of the Architect.

      "Yours very truly,
        "Mrs. A. C. Dunlap.
        "(Signed) Anna C. Dunlap.
"Accepted Nov. 13th, 1922.
"By (signed) Louis Svarz,
      "Architect."

It will be observed that, by this instrument, the appellant agreed that if she did not proceed with the construction of the building by February 15, 1923, she would pay a, sum equal to three per cent of the estimated cost of the construction of the building. She did not proceed with the building, and the action was brought to recover the three per cent of the estimated cost.

The trial court rejected all evidence relative to the size, character and cost of the building which was in the contemplation of the parties. The respondent opens his brief with the statement that this is a comparatively simple case and "involves only an application of the parol evidence rule." The written instrument on its face shows that it does not cover the entire agreement of the parties. It refers to the "proposed apartment building," but in no place mentions the size, character or cost of the apartment house in contemplation. The writing refers to the "estimated cost," but in no place defines how that is to be determined. The respondent obviously could not recover upon the contract if the plans which he drew were not for an apartment house substantially such as he had been employed to draw plans for. Neither could he recover if the building for which he had drawn the plans violated the building ordinances of the city. *Bebb v. Jordan,* 111 Wash. 73, 189 Pac. 553, 9 A. L. R. 1035.

The respondent insists that the evidence offered and rejected, if received, would have violated that rule of law which prohibits the varying of written contracts by evidence of a contemporaneous or prior oral agreement. In this connection he cites the case of *Sexton v. Reilly,* 131 Wash. 206, 229 Pac. 305, as controlling. There, however, the oral evidence offered would have varied the writing and it was held to be properly re-

jected. In the case now before us, oral evidence was admissible to show not only the size and character of the building in contemplation, but also the agreement of the parties as to the cost. These were matters not covered by the writing. In *Manvell v. Weaver,* 53 Wash. 408, 102 Pac. 36, it was held that a contract requiring the vendor of a restaurant business to deliver a lease of the premises then in course of construction, which provided that the kitchen partition, dumbwaiter shafts, together with all necessary plumbing, piping, and wiring shall be done by the landlord without expense to the vendee, was ambiguous as to the cost of ventilating shafts required by law for kitchens, and oral evidence was admissible to show that the actual agreement contemplated a full equipment as a kitchen, including the required ventilating system. The contract in that case was silent as to the ventilating system required by law, and the question was whether it could be shown by oral evidence what the agreement of the parties was as to that. It was there said:

"The vital question to be determined in this action was whether the lessor or lessee was to sustain the expense of installing the necessary equipment for ventilating purposes. Was the burden to rest upon the appellant, or did the respondent agree to procure a lease relieving him from any such burden? When the evident purpose of the contract and its language are considered to ascertain the person upon whom the expense of installing the ventilating system should rest, it is found to be somewhat ambiguous and doubtful in its terms. The statute requiring such ventilation had to be observed, and the expense of installing the same would necessarily rest upon the one party or the other. There is not one word in the contract imposing any such burden on the appellant. It does provide for certain fixtures and improvements, but the only ones mentioned were to be installed without expense to him. Under these circumstances and conditions the appel-

lant was entitled to show by proper evidence that the actual agreement between himself and the respondent contemplated a full equipment, including the ventilating system to be installed at the expense of the Moore Investment Company. The written agreement is sufficiently ambiguous to call for the evidence offered; such evidence being admissible, not to add to or vary the terms of the written agreement or to change its purpose, scope, or meaning, but, consistently with its terms, to explain its uncertainties, and disclose the exact agreement of the parties.''

In this case oral evidence was admissible to show the size, character, and the agreed cost of the building, not for the purpose of changing the purpose, scope, or meaning of the writing, but consistent with its terms, to show the subject-matter which the parties had in mind. There was another item of evidence offered and rejected which was to the effect that, at the time the respondent delivered to the appellant the plans, he knew that the building could not be erected for the sum of $86,000, and that he therefore fraudulently induced the appellant to sign the writing. This evidence should also have been admitted.

The judgment will be reversed, and the cause remanded to the superior court with direction to grant a new trial.

TOLMAN, C. J., BRIDGES, ASKREN, and PARKER, JJ., concur.