CLARENCE H. BLACKHALL & others *vs.* G. DUTHIE-STRACHAN.

Suffolk.    December 8, 1926. — March 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Contract,* Construction, Architect's commission. *Architect. Practice, Civil,* Requests and rulings, Exceptions. *Evidence,* Admissions, Competency.

While an architect, who has agreed to compute his compensation for services in connection with a remodeling of a dwelling house on the basis of a cost not to exceed a certain amount, is bound by that limitation if there is no modification of his contract, even if the cost exceeds the amount specified, an excess in cost beyond the specified amount, if it occurs by reason of orders of the owner after the work began, does not bar the architect from recovering the agreed compensation.

At the trial of an action by an architect against the owner of a house for services relating to the alteration of the house, an issue was, whether the architect had agreed to compute his charge at a certain percentage of $18,000, the cost which the work was not to exceed, and it was *held,* that on the testimony of a bookkeeper of the plaintiff, called by the defendant, it was error to exclude as evidence certain "statement sheets" prepared by the bookkeeper for the plaintiff and showing among other entries, after a reference to the defendant's house, "$18,-000," which entry was made, according to the testimony, pursuant to instructions from the plaintiff for the purpose of showing the cost of the defendant's house as well as indicating the estimated earnings of the plaintiff based on the cost or contract price.

At the trial of the action above described, it appeared that one item of the cost of the defendant's house on which the plaintiff computed the percentage due him for his services was plumbing, and that the contract between the plumber and the defendant required the defendant to pay for the material less a plumber's discount and to pay the plumber for labor. The plaintiff disputed the plumber's bill, litigation followed, and a settlement was made for an entire amount which the plaintiff contended should all be added to the cost of the work. The defendant introduced evidence that the claim thus settled included both items for materials and items for labor. Counsel for the plumber, called as a witness, identified two releases, one signed by the plumber and one by the material man; the consideration stated in the material man's release was nominal only. The defendant offered the releases as evidence and they were excluded subject to his exception. The defendant then asked the witness, referring to the material man's release, "Can you refresh your memory from your notes and state what if any division was made between . . . [the material man and the plumber] on the $1,100 which was paid in settlement of that case?" The ques-

tion was excluded and, without making an offer of proof, the defendant excepted. *Held,* that

(1) The release, since it stated only a nominal consideration, was incompetent as evidence;

(2) The exception to the exclusion of the question to the plumber's counsel must be overruled, since, no offer of proof having been made of what the witness was expected to answer, the defendant failed to show that he was prejudiced.

Contract for $3,662.16 upon an account annexed for "architectural services." Writ dated December 12, 1921.

In the Superior Court, the action was referred to an auditor and afterwards was tried before *Raymond,* J., upon the report of the auditor and other evidence.

Material evidence is stated in the opinion. At the close of the evidence, the defendant asked, among others, for the following rulings:

"14. If you find that the defendant in his contract of employment of the plaintiffs stated an amount as the limit of the cost of the alterations which were to be made in the building and provided that at least reasonable conformity to this requirement should be a condition under which the services should be rendered and you also find that the final cost of the alterations was substantially in excess of the amount set as the limit by the defendant, then the plaintiff cannot recover in this action.

"15. If you find that the defendant in his contract of employment of the plaintiffs stipulated in substance that the cost of the proposed alterations should not be in excess of a definite maximum; if you also find that the alterations could not be made for an amount reasonably within this restriction upon expenditure, the plaintiffs cannot recover in this action.

"16. If you find that the defendant in his contract of employment of the plaintiffs requested the plaintiffs to state what the cost of the proposed alterations would be and the plaintiffs stated that they would not exceed $18,000, and that the defendant ordered the work to be done upon the understanding that the cost would not exceed $18,000, then the plaintiffs cannot recover in this action."

The rulings were refused. The jury found for the plain-

tiffs in the sum of $4,464.30. The defendant alleged exceptions.

*S. R. Wrightington,* for the defendant.

*R. B. Owen,* for the plaintiffs.

BRALEY, J. This is an action of contract to recover compensation for services as architects in the alteration or remodeling of the defendant's dwelling house. The case was referred to an auditor, who found that "the plaintiffs firm was employed by the defendant as architects for the work on the basis of ten per cent of the cost to the owner," and awarded them the full amount claimed. At the trial to the jury the defendant offered evidence which tended to show that as part of the parol contract of employment the plaintiffs agreed that the cost of the work should not exceed $18,000, and contended that as the cost in fact exceeded $36,000, the plaintiffs could not recover. The plaintiffs, however, introduced evidence from which it could be found that the sum of $18,000 was only an estimate, and that as the work of construction progressed the defendant ordered many alterations in the original plans which increased the cost to the larger sum on which the commission was claimed under a count on an account annexed. The answer was a general denial with an averment of payment and that because of the plaintiffs' negligence the defendant was put to excessive and unnecessary expense in the reconstruction of the dwelling, and was obliged to pay contractors and workmen sums in excess of that which the defendant would have paid if the plaintiffs had been competent and careful architects.

The record shows neither any evidence of payments nor whether the defendant suffered any damages which could be recovered. The contract not being in writing, the question of its terms was for the jury on conflicting evidence. If the jury found that the plaintiffs agreed to compute their commission on a cost basis or price of $18,000, they were bound by the limitation notwithstanding the alterations which were made without any express modification of the agreement. *Randidge* v. *Lyman,* 124 Mass. 361. *Schwender* v. *Schrafft,* 246 Mass. 543, 545. But the defendant's four-

teenth, fifteenth and sixteenth requests, which in substance asked for rulings that, if the jury found that the defendant's version of the contract was right, the plaintiffs could not recover, were denied rightly. The alterations which enhanced the cost in excess of $18,000, the jury could find, originated with, and were ordered by the defendant after the work began. If the plaintiffs were not entitled to compensation for supervising the changes, they were not barred from recovering a commission on the price for which the defendant contended.

The remaining exceptions relate to the exclusion of evidence.

The defendant called as a witness a bookkeeper of the plaintiffs, who produced certain "statement sheets" she had prepared for the firm showing among other entries "Strachan House, $18,000." The record recites that the entry was made pursuant to instructions from some member of the firm for the purpose of showing the cost of the defendant's house, as well as indicating the estimated earnings of the firm on the cost or contract price. The evidence should have been admitted as admissions by the plaintiffs against their interest. *Flye* v. *Hall*, 224 Mass. 528, 530.

The plumbing was done by one Huban. The auditor reported that Huban's work was unsatisfactory, and that the plaintiffs called the defendant's attention to it. It also was found that the contract between the defendant and Huban provided that the defendant would pay for the material less the plumber's discount and pay Huban for the labor. The defendant on September 20, 1920, paid for work then completed, but litigation followed in which Huban received $1,100 in the final settlement, on which the auditor allowed a commission. The defendant however claimed that a commission could be charged only on so much of this amount as remained after deducting the items for labor, and called as a witness counsel who had acted for Huban in his suit against the defendant. After identifying the declaration he testified in substance that the claim consisted not only of items for labor but also items for plumbing materials. A contention arose whether Huban or the Butler Company was entitled to

recover for the materials and after the witness had identified two releases, one signed by Huban and the other by the Butler Company, which were given to the defendant when the settlement was made, they were offered in evidence and finally excluded. The defendant excepted to the exclusion of the Butler release. The consideration stated therein was "one dollar and other valuable considerations." It was undisputed that the release had been given for a nominal consideration, and the instrument of itself contained nothing which tended to support the defendant's claim that the auditor had erred. The defendant's counsel, referring to the release of the Butler Company, then asked the witness, "Can you refresh your memory from your notes, and state what if any division was made between E. F. Butler and Company and James A. Huban on the $1,100 which was paid in settlement of that case?" The question was excluded and the defendant excepted. But, no offer of proof having been made of what the witness was expected to say in answer to the question, the defendant fails to show that he has been prejudiced. *Lee* v. *Tarplin,* 183 Mass. 52, 54.

*Exceptions sustained.*