[No. 21454. Department Two. November 26, 1928.]

LOUIS SVARZ, *Appellant*, v. ANNA C. DUNLAP, *Respondent.*[1]

[1]Reported in 271 Pac. 893.

664

*Carkeek, McDonald, Harris & Coryell* and *Albert H. Solomon,* for appellant.

*Hartman & Hartman,* for respondent.

FRENCH, J.—The appellant, an architect, brought this action to recover compensation for the preparation of certain plans and specifications of an apartment house, prepared in pursuance of a written agreement, which apartment house was never built. There were three defenses interposed: First, respondent claims that she was misled by fraud in making the contract; second, that the appellant guaranteed that the building would not cost over $86,000, and that if it did cost more than $86,000 he would make no charge for the plans and specifications; third, that the plans and specifications, as drawn, did not comply with the city ordinance.

The first two defenses were based on oral testimony. At the first trial, objection was sustained to the introduction of such testimony, and judgment rendered for the appellant. On appeal to this court the judgment was reversed and the cause sent back for a new trial. For a more complete statement see *Svarz v. Dunlap,* 134 Wash. 555, 235 Pac. 801. A second trial was had and evidence was submitted by the respective parties. There was no evidence on the defense of fraud; therefore the first defense need not be considered.

Upon the third defense, that the building did not comply with the city ordinances, it is admitted that the ordinance upon which respondent had relied had been repealed before the plans were submitted, and therefore that defense is no longer available.

On the second defense the court found for the respondent. Appellant introduced evidence, both by himself and by other witnesses, tending to show that the original estimated cost of the building was $92,000,

and that the increased cost of the apartment house over the estimated cost was entirely caused by reason of certain changes in the plans and specifications which the respondent herself insisted upon. Appellant requested the court to make a finding on the question of whether these changes had been made at the request of respondent, and the trial court failed to make any finding on this question one way or the other. In the case of *Svarz v. Dunlap, supra,* this court said:

"In this case oral evidence was admissible to show the size, character, and the agreed cost of the building, not for the purpose of changing the purpose, scope, or meaning of the writing, but consistent with its terms, to show the subject-matter which the parties had in mind."

We think it is apparent that the testimony tending to show who ordered the changes in the plans and specifications, causing this increased cost, was plainly admissible, and if the increased cost was due to the respondent, then the appellant would be entitled to recover. *Blackall v. Duthie-Strachan,* 258 Mass. 551, 155 N. E. 604. See, also, *Orth v. Board of Public Education,* 272 Pa. St., 411, 116 Atl. 366; *Saad v. Bates,* 208 Ky. 542, 271 S. W. 568.

▊ The fact as to whether the plans were changed, and at whose request or suggestion, thus became a material issue in this case. Our statute provides:

"Upon the trial of an issue of fact by the court, its decision shall be in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly." Rem. Comp. Stat., § 367.

We have held in an unbroken line of decisions that it is the duty of the court in a law action to make findings of fact. In this case the court was requested to make a finding of fact on a material issue, and on con-

flicting testimony, and failure so to do constitutes error.

Owing to the fact that the judge who presided at the trial is no longer a member of the superior court of King county and cannot therefore make the findings of fact necessary for a decision of the controversy, the case is reversed with instructions to grant a new trial.

ASKREN, PARKER, and MAIN, JJ., concur.