Gillen, J.
This is an action of contract or tort in four counts. The court found for the plaintiff in the two tort counts which are for negligence, to recover damages occasioned by the loss of his car while parked in open air parking spaces of the defendant.
There was evidence tending to show that on one occasion the car of the plaintiff was taken from the defendant parking space on Stuart Street and on the other from the defendant parking space on High Street. That on the occasion when the car was parked in the High Street space the plaintiff left the key to the ignition in the switch; that he paid the defendant’s employee the regular fee and was *331 handed a parking tag by said employee, a copy of which is as follows:
“Parking Privilege — Contract—Read it.
Yonr car is accepted for parking only upon condition that the Boston-Auto Parks is not responsible for car or contents or accessories. Customer’s cars are driven by our employees only at owner’s risk. This receipt is given and accepted upon the foregoing conditions. No employee has any authority to vary any of the above terms or conditions or increase our liability. No attendant on duty after 6 P-. M.”
That the plaintiff did not read the tag when it was handed to bim; that the printed matter was not called to his attention and that the plaintiff never read said printed matter; that leaving the key of said automobile in the ignition was necessary so that cars could be moved in case of fire and to facilitate the removal of other cars when called for; that the parking space had a maximum capacity of about one hundred and twenty cars and accommodated on the average about one hundred and seventy cars daily; that there were two attendants on duty on the day in question; that when the plaintiff called for his car between 6:20 and 6:30 P. M. neither of the attendants employed by the defendant were present and said car was not found on the parking space; that said car had been stolen and was later recovered in a damaged condition.
That on the occasion when the car was left at the Stuart Street space by the plaintiff’s son in the same manner as the other instance, he was handed a tag substantially the same as the one received by the plaintiff at the High Street space; that the plaintiff’s son did not read said tag; that the printed matter thereon was not called to his attention and he never read said printed matter; that this space had a capacity of about one hundred and sixty-five cars and accommodated on an average of two hundred and fifty *332 cars daily; that on this occasion there were nine attendants on duty at said space; that shortly before midnight when the car was called for it was missing; that the car was stolen from the parking lot and never recovered. The defendant agrees that the same car was parked on both occasions.
Eighteen requests for rulings were filed by the defendant and acted upon by the trial judge; special findings of facts were made and the defendant claims to be aggrieved by the rulings and refusals to rule as requested.
The trial judge found that the car was stolen by reason of the negligence of the defendant; that there was no special contract as set forth in the parking tag:
On the evidence, the judge was warranted in finding that in each instance there was a bailment for hire and the tag was given to the parker after the payment of the fee and, therefore, it was not a part of the original agreement.
Whether or not a contract exists and what the contract is, on conflicting evidence, is a question of fact. Blackall v. Duthie-Strachan, 258 Mass. 551.
The evidence warranted a finding the defendant was negligent. Having become a bailee for hire he failed to exercise due care in not returning the automobile in as good a condition as when received. Doherty v. Ernst, 284 Mass. 341.
The defendant urges that as a matter of law the tag was a part of the contract and by mere acceptance the parker is ipso facto bound by any limitation of liability contained thereon. We do not think so.
Even in this situation there still remains the question as to whether the acceptor of the contract instrument as a reasonable man knew or understood or should have known or understood its terms. While the size, type, character, form and appearance of the contract instrument limiting liability is not the all determining factor in deciding whether the *333 recipient takes it at his peril and is bound by it, this jurisdiction has gone far to hold that it is an important element to be weighed in arriving at the conclusion as to whether or not “a person of average intelligence and alertness” should have observed the limitation on the instrument. Fonseca v. Cunard Steamship Co., 153 Mass. 553; Kushner v. McGinnis, 289 Mass. 326; Brennan v. Ocean View Amusement Co., 289 Mass. 587.
We cannot say that under the circumstances here a trial judge would not be warranted in finding that a person of average intelligence might well infer that the small portion of the tag he received from the attendant was merely a receipt for the automobile to be turned in when the parker called for it and was in the nature of an identification check or token.
Surely, the alleged contract instrument did not possess the appearance of contractual formality of the instrument in issue in Fonseca v. Cunard Steamship Company, 153 Mass. 553. Nor do we think that the decisions in Kushner v. McGinnis, 289 Mass. 326 and Brennan v. Ocean View Amusement Co. 289 Mass. 587 imply that instruments larger than those there at issue are taken by recipients at their peril and are automatically binding whether or not the contents are known to the acceptors.
It has not been held in this jurisdiction that all limitations of liability on any or all instruments are binding by mere acceptance. The character of the instrument should not be completely ignored.
A careful perusal of all the requests and the action of the trial judge thereon leads us to conclude there was no error in the instant case. The order is—
Report Dismissed.