### BUECHE v. EICKENROHT.

#### No. 11929.

Court of Civil Appeals of Texas.
San Antonio.

April 6, 1949.

Rehearing Denied April 27, 1949.

such building, but for the wrongful interference of appellant.

The trial was to a jury upon special issues, which with the jury's answers thereto, are as follows:

"Question No. 1: Do you find from a preponderance of the evidence that under the terms of the contract entered into between the plaintiff and defendant, it was agreed that the plaintiff was to prepare plans and specifications for the building of a house which would be in general accordance with the floor plan sketch, which has been introduced in evidence and is marked 'Plaintiff's Exhibit No. 1', with no limit of $18,000.00 as to the cost of construction of said house?

"Answer 'Yes' or 'No.'

"We, the jury, answer: Yes.

"Question No. 2: Do you find from a preponderance of the evidence that under the contract between the plaintiff and defendant it was agreed that for the preparation of the plans and specifications there should be paid to plaintiff, when said plans and specifications were completed, a fee equal to seventy per cent (70%) of the total fee, computed upon the reasonable estimated cost of said construction?

"Answer 'Yes' or 'No.'

"We, the jury, answer: Yes.

"Question No. 3: What do you find from a preponderance of the evidence was the reasonable estimated cost of the construction of a house built according to the plans and specifications, prepared by the plaintiff, as of January, 1947?

"Answer by stating the amount in dollars and cents.

"We, the jury, answer: $24,500.00.

"Question No. 4: Do you find from a preponderance of the evidence that the plans and specifications prepared by the plaintiff, Marvin Eickenroht, were used by the defendant, C. W. Bueche, Sr., in building his present home?

"Answer 'Yes' or 'No.'

"We, the jury, answer: Yes.

"If you have answered Question No. 4 'Yes', and only if you have so answered, then answer the following question:

Charles J. Lieck, Walter C. Wolff, San Antonio, for appellant.

Dobbins & Howard, San Antonio, for appellee.

MURRAY, Justice.

Appellee, Marvin Eickenroht, sued appellant, C. W. Bueche, Sr., for the value of his services as an architect in preparing plans and specifications for a building to be constructed for appellant, and also for services which appellee would have performed in supervising the construction of

"Question No. 5: What do you find from a preponderance of the evidence is the reasonable value, if any, to the defendant of the plans and specifications prepared by the plaintiff?

"Answer by stating the amount, if any, in dollars and cents.

"We, the jury, answer: $1,029.00.

"Question No. 6: Do you find from a preponderance of the evidence that the defendant, C. W. Bueche, Sr., in engaging the plaintiff, Marvin Eickenroht, to draw plans and specifications for his residential home, stipulated that he did not want it to cost exceeding $18,000.00?

"Answer 'Yes' or 'No.'

"We, the jury, answer: Yes.

Judgement was rendered in favor of appellee for the sum of $1,029, together with interest, and C. W. Bueche, Sr., has prosecuted this appeal.

The first point presented is the alleged conflict between the jury's answers to issues Nos. 1 and 6.

The main controversy in the entire case was whether, when appellee was employed by appellant to prepare plans and specifications for the building of appellant's proposed home, it was stipulated that the plans and specifications were to be for a building which, in any event, was not to cost more than $18,000. The jury, by its answer to issue No. 1, found that, under the terms of the contract entered into between appellant and appellee, it was agreed that appellee was to prepare plans and specifications for the building of a house which would be in general accordance with the floor plan sketch which had been introduced in evidence, with no limit of $18,000 as to the cost of construction of the house; while in answer to issue No. 6 the jury found that appellant, in engaging appellee to draw plans and specifications for his residential home, stipulated that he did not *want* it to cost exceeding $18,000. Thus, apparently, the jury, by its answer to issue No. 1, that there was no limit of $18,000 on the cost of the building, and in its answer to issue No. 6, that there was a limit of $18,000, returned conflicting answers and made inconsistent findings. Appellee testified that the estimated cost of the building for which he had prepared plans and specifications was $28,000, and the jury found the cost to be $24,500. If there was a positive limit of $18,000 stipulated in the employment contract, then appellee clearly violated this stipulation in preparing the plans and specifications and cannot recover upon his contract. Smith v. Dickey, 74 Tex. 61, 11 S.W. 1049; Emerson v. Kneezell, Tex.Civ. App., 62 S.W. 551; Dudley v. Strain, Tex. Civ.App., 130 S.W. 778; Schwender v. Schrafft, 246 Mass. 543, 141 N.E. 511.

If the jury's answers to issues Nos. 1 and 6 are in hopeless conflict a mistrial would have been proper. It is our duty to reconcile these two answers, if we can do so without doing violence to the language used. We must presume that the jury did not intend to return answers that are in conflict, but that their intention was to return answers which were consistent with each other. If a jury's answer is subject to two different meanings, one of which will be consistent with other answers and the other inconsistent, then it is our duty to adopt that meaning which is consistent with other answers. If we construe the jury's answer to issue No. 6 as meaning that appellant did express a desire that the building should not cost over $18,000, but that he did not place said sum as an absolute limit upon the cost of the building, then the two answers can readily be harmonized and a conflict averted. This we must do. From the evidence and the findings of the jury it is made to appear that under the contract of employment, plans and specifications were to be prepared for a house in general accordance with the floor plan sketch furnished to appellee, and it was the desire of appellant that such house cost not more than $18,000, but, in any event, appellant had a certain house in mind and he wanted plans and specifications for such a house regardless of the cost. Appellee had to prepare plans and specifications either for a building in keeping with the floor plan sketch furnished him, or for a building which would cost not exceeding $18,000, he apparently could not do both. He pre-

pared plans and specifications for a building in keeping with the floor sketch furnished him and the jury has found that this was what he was to do under the contract of employment.

What was said in Schwender v. Schrafft, 246 Mass. 543, 141 N.E. 511, 512, applies here, to-wit:

"The requested ruling that the plaintiff cannot prevail unless the cost of building in accordance with the plans was 'reasonably close to the sum specified by (the) defendant' is now considered. It sought the positive and unqualified application of a proposition which did not control in the light of the evidence. One who proposes to build may in his contract of employment of an architect state an amount as the limit of cost of the building which is to be erected and provide that at least reasonable conformity to this requirement shall be a condition under which the services shall be rendered; or it may result from the terms of the agreement that the cost of the proposed building shall not be in excess of a definite maximum. If either result follows from the construction of the contract, liability for services is negatived unless the building can be built for an amount reasonably within restrictions upon expenditure. But a contract may be made in which the sum named as only by way of estimate, and where the instructions given require the preparation of plans and specifications for the construction of a building according to the expressed wishes of the owner as to size, method, and details of construction. In such a case, mere non-conformity in the cost of construction under the plans and specifications with the amount so estimated does not prevent a recovery, and the general request now considered is inapplicable."

■ Appellee complied with his contract by preparing plans and specifications for the building which his contract called for, and he was entitled to recover the contract price. He was prevented from supervising the construction of the building by the wrongful conduct of appellant in refusing to permit him to do so, though he was ready, able and willing to perform such services. The judgment should have been for $1,470 instead of only $1,029.

The fact that issue No. 6 only submitted the issue of appellant's *desire* as to the cost of the building was pointed out by appellee in his objections to the court's charge in the following language, to-wit:

"Plaintiff objects to the manner and form in which Question No. 6 is submitted, for the reason that there is omitted entirely from such question and from the charge as a whole the issue as to whether or not the parties agreed as a part of their contract that the cost of the house should not exceed $18,000.00, but, on the contrary, allows the jury to consider a mere expression of preference on the part of Bueche."

In the face of this objection the court refused to change the issue, but overruled the objection and, therefore, there was no waiver or acquiescence in the submitting of the issue as an ultimate and controlling issue.

■ Another solution of the alleged conflict is to regard issue No. 6 as only an evidentiary issue and not as a controlling issue, and to disregard the answer thereto except as a finding on an evidentiary issue, that is, whether appellant expressed a desire that the house cost not more than $18,000. Such an evidentiary issue has no controlling effect and can be disregarded in the face of the apparent conflict.

■ Appellant, by his points Nos. 7, 8 and 9, complains because appellee was permitted to testify (1) to the amount of money he had paid to a foundation engineer for doing the engineering work on the foundation, (2) to the amount of money he had paid to engineers for detailed air-conditioning work, and (3) to the number of hours he had put in upon the plans and specifications, and the number of hours that had been put in by a man working for him. We overrule these points. The disposition we are making of this case renders only the contract price important. We fail to see wherein appellant was injured by this testimony.

Appellant's other points are either immaterial or without merit and are overruled.

The judgment will be amended so as to be for the principal sum of $1,470 and as thus amended is affirmed.

On Motions for Rehearing.

Appellant's motion for a rehearing has been considered and is in all things over-ruled. Likewise, appellee's motion No. 15967, for a rehearing, is overruled.

It was the intention of this Court to amend the judgment of the trial court as to the principal sum stated therein and to leave the provision for interest intact and unchanged, and that is the effect of our judgment heretofore rendered herein.