James Weeden FRANKLIN, Appellant,

v.

Florence L. LOVE, Appellee.

No. 6351.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 30, 1953.

Rehearing Denied Jan. 4, 1954.

J. E. Abernathy, McKinney, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

Moses & Truett, McKinney, Caldwell, Baker & Jordan, Dallas (Claude Williams, Dallas, on appeal only), for appellee.

MARTIN, Justice.

Appellee, Florence L. Love, plaintiff in the trial court, sued appellant, James Weeden Franklin, defendant in the trial court, for damages suffered by appellee when she was knocked down by an automobile driven by the appellant.

The jury, under several special issues submitted to them, convicted the appellant of acts of negligence proximately causing appellee's damage. In response to Special Issue No. 24, the jury found that "Florence L. Love proceeded to cross the roadway in question with her back partially turned to approaching traffic". The jury, in answer to Special Issues 25 and 26, found that this was negligence and a proximate cause of the event in question. The trial court first rendered judgment for appellant under such three issues but later, on motion of appellee, disregarded the jury's answers to Special Issues Nos. 24, 25, and 26 and rendered judgment for appellee for the sum of $4,-357.50 in damages. Appellant's brief on appeal contains three points asserting error of the trial court in failing to render judgment in favor of the appellant on these issues and in rendering judgment in favor of appellee.

In addition to the jury findings above outlined, the following special issues and answers thereto are revealed by the transcript:

"Special Issue No. 20:
Do you find from the preponderance of the evidence that at the time, place, and the occasion in question Florence L. Love failed to keep proper lookout?

Answer: No.

Special Issue No. 22:
Do you find from the preponderance of the evidence that at the time, place, and on the occasion in question Florence L. Love failed to yield the right of way to Franklin's automobile?

Answer: No.

Special Issue No. 27:
Do you find from the preponderance of the evidence that at the time, place, and on the occasion in question Florence L. Love walked into the left side of Franklin's automobile?

Answer: No."

It is appellee's contention that in view of the jury finding on these three issues that the jury finding under Special Issue No. 24 that Florence L. Love proceeded to cross the roadway in question with her back partially turned to approaching traffic was merely an evidentiary issue and was properly disregarded by the trial court in rendering judgment for appellee.

Under appellant's three points of error, the ultimate issue on this phase of the case was whether appellee failed to keep a proper lookout. The jury found that she did not fail to keep a proper lookout and in arriving at a finding on this ultimate issue they were entitled to take into consideration the evidence that appellant proceeded to cross the roadway with her back partially turned to the approaching traffic. But, the manner in which appellee pro-

ceeded to cross the roadway was not an ultimate fact issue but merely an evidentiary issue which the trial court properly disregarded in rendering judgment for appellee on the jury verdict.

Under the principle hereinabove stated, appellant's three points of error are overruled. Yanowski v. Fort Worth Transit Company, Tex.Civ.App., 204 S.W.2d 1001; H. E. Butt Grocery Co. v. Johnson, Tex. Civ.App., 226 S.W.2d 501; Bueche v. Eickenroht, Tex.Civ.App., 220 S.W.2d 911; 36A Texas Digest, Trial, ▮ 25 Texas Law Review, Page 391.

The judgment of the trial court is affirmed.