**Wayne B. NEYLAND et al., Appellants,**

v.

**Tony PASSANO et ux., Appellees.**

**No. 13819.**

Court of Civil Appeals of Texas.

Houston.

Dec. 7, 1961.

Rehearing Denied Jan. 4, 1962.

Kirchheimer & Kirchheimer, Houston, Theo. R. Kirchheimer, Houston, of counsel, for appellants.

Charles D. Boston, S. G. Kolius, Houston, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, of counsel, for appellees.

COLEMAN, Justice.

This is a suit for damages resulting from the personal injuries received when Linda June Neyland, a child 3½ years of age, was struck by the automobile being driven by Lorena Passano. The judgment was in favor of the defendant.

Appellant contends that the trial court erred in refusing to submit to the jury certain requested special issues. The first of the series requested reads: "Do you find from a preponderance of the evidence that immediately before the occurrence in question Lorena C. Passano failed to slacken the speed of the automobile being driven by her?" Then followed appropriate issues with reference to negligence and proximate cause.

■ The trial court submitted the following special issues pertinent to our inquiry:

"Special Issue No. 1. Do you find from a preponderance of the evidence that at the time of and immediately before the occurrence in question, Lorena C. Passano failed to make such application of her brakes as a person of ordinary prudence in the exercise of ordinary care would have made under the same or similar circumstances?

"Answer: 'We do not'.

\* \* \* \* \* \*

"Special Issue No. 3. Do you find from a preponderance of the evidence` that immediately before the occurrence in question, Lorena C. Passano was operating her automobile at a greater rate of speed than a person of ordinary prudence in the exercise of ordinary care would have operated such automobile under the same or similar circumstances?

"Answer: 'We do not'."

The trial court also submitted issues with reference to the conduct of Lorena C. Passano concerning "lookout," use of the automobile horn, and discovered peril, all of which were answered in favor of Mrs. Passano. The jury found that after the discovery and realization of the perilous position of the child, Mrs. Passano could not have avoided the accident by use of the means at her command consistent with her own safety and that of her automobile. They further found that Mrs. Passano was acting under an emergency and, after the emergency arose, exercised ordinary care under the circumstances, and that the child's injuries were the result of an unavoidable accident.

The matters which the jury would have had to determine in answering the requested issue concerning failure to slacken speed *immediately before the occurrence in question,* that is, the effect of speed, *immediately prior to the accident,* as a causative factor therein, necessarily were determined in connection with the answers made to each series of issues submitted.

■ The controlling issues were fairly submitted. The court was not required to submit "other and various phases or different shades of the same issue." Rule 279, Texas Rules of Civil Procedure; Hodges, Special Issue Submission in Texas, §§ 53–54; Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266; Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143; Dallas Railway & Terminal Co. v. Straughan, Tex. Civ.App., 254 S.W.2d 882; Dallas Railway & Terminal Co. v. Strickland Transp. Co., Tex.Civ.App., 225 S.W.2d 901.

■ "Where the special issue submitted arises from substantially the same pleading and evidence as the one refused, and the former necessarily includes the controlling facts inquired about in the latter, the two reasonably may be said to embrace different shades of the same controlling issue." McDonald, Texas Civil Practice, § 12.09, p. 1068.

"It has never been the policy of the law to lengthen and complicate special issue charges by requiring trial courts to give issues that merely submit various phases or other shades of meaning of an issue already in the charge. It is required only that each controlling issue raised by the pleadings and the evidence be submitted once, fairly, simply and succinctly." Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487, 489.

The judgment of the trial court is affirmed.