M. R. TRIPP, Appellant,

v.

Solomon R. BLOODWORTH et al., Appellees.

No. 3841.

Court of Civil Appeals of Texas.

Eastland.

Jan. 17, 1964.

Rehearing Denied Feb. 7, 1964.

Turpin, Kerr, Smith & Dyer, Max N. Osborn, Midland, for appellant.

Warren Burnett and Lee Arnett, Odessa, Emil C. Rassman, Midland, for appellees.

COLLINGS, Justice.

This suit was brought by Solomon R. Bloodworth against M. R. Tripp for damages. Plaintiff alleged that he received an injury while employed as a blueprint man for the Fluor Corporation, Ltd., the general contractor on the construction of a polyethylene plant in Ector County; that defendant Tripp, doing business as Tripp Construction Company, had a subcontract with the Fluor Corporation to do the dirt work on the job, and that while one of Tripp's drivers was backing a carry-all in hauling caliche to the job he negligently backed the heavy equipment over plaintiff, crushing his left leg and foot.

Based upon the jury verdict, judgment was entered for Bloodworth and for the intervenor, Liberty Mutual Insurance Company, in the total sum of $30,000.00. M. R. Tripp has appealed.

At the time appellee Bloodworth was injured, appellant Tripp's driver was backing a rubber tired 36,000 pound carry-all down an alleyway, proceeding in a northerly direction. The manner in which the vehicle was constructed was such that the operator's vision was obscured for a distance of between 15 to 30 feet to the rear on the right side. Because of such obscured vision, it was necessary for the driver to guide the carry-all in backing down the alleyway by watching the steel columns which had been erected on the left side. The carry-all was not equipped with mirrors or warning devices. At the time of the injury Bloodworth was standing about four feet from the right side of the alleyway, directing the hanging of steel at a higher level. Shortly before the accident appellee and his helper had entered the alleyway about 15 or 20 feet from the south end and had then walked in a northerly direction to the place where he was standing at the time of his injury. When he entered the alleyway he looked, but at that time appellant's heavy equipment was not seen. Appellee Bloodworth did not see appellant's carry-all unit until it was on his leg. The driver of the carry-all knew nothing of appellee's injury until he was told by another worker on the job.

The jury found in answer to special issues that the driver of appellant's carry-all failed to keep a proper lookout which was a proximate cause of the accident, failed to keep the carry-all under proper control which was a proximate cause of the accident, and failed to exercise ordinary care in operating the carry-all without a flagman to assist him, which was a proximate cause of the accident. The jury also found that appellee Bloodworth did not fail to keep a proper lookout, that he was working in the alleyway when he knew there was no flagman to warn appellant's driver but that such conduct on the part of appellee was not negligence.

Appellant's first three points complain of the failure of the court to submit to the jury certain requested special issues. The first point complains of the refusal of the court to submit requested special issues inquiring whether on the occasion in question appellee Bloodworth moved into the pathway of appellant's carry-all, whether such conduct by appellee was negligence and a proximate cause of the accident. Appellant's second point complains of the action of the court in refusing to submit requested special issues to the jury inquiring whether on the occasion in question Bloodworth failed to step out of the pathway of the carry-all after it started backing down the alleyway, and whether such conduct was negligence and a proximate cause of the accident. Appellant's point number three complains of the action of the court in refusing to submit requested special issues inquiring whether on the occasion in question Bloodworth failed to warn the driver of appellant's carry-all that the alleyway was not clear, and whether such failure by Bloodworth to warn the driver was negligence and a proximate cause of the accident. Appellant contends that the pleadings and evidence raised issues of fact supporting the submission of each of the above requested special issues, that Rule 279, Vernon's Texas Rules of Civil Procedure, requires the submission of controlling issues made by the pleadings and evidence and that the court therefore erred in refusing to submit such requested special issues.

■ We agree with appellee Bloodworth's contention that requested special issues 1, 2, 3, 6, 7, and 8 are evidentiary issues and inquire about evidentiary facts which were proper to be considered by the jury in determining whether appellee failed to keep a proper lookout. The ultimate issue in connection with each of these facts was whether appellee failed to keep a proper lookout. Appellant was entitled to have submitted to the jury the controlling issue on proper lookout and the court properly submitted that issue to the jury. It was found by the jury that appellee did not so

fail. Appellant was not, however, entitled to the submission of other issues which presented only slightly different phases or shades of the controlling issue and which were merely evidentiary in the determination of the controlling issue. Neyland v. Passano, Tex.Civ.App., 352 S.W.2d 367, (Ref. N.R.E.); Fort Worth & D. C. Ry. Company v. Capehart, Tex.Civ.App., 210 S.W.2d 839, (Ref. N.R.E.); Franklin v. Love, Tex.Civ.App., 276 S.W.2d 927, (Ref. N.R.E.).

■ We are likewise of the opinion that the court did not err in refusing to submit appellant's requested special issues 10, 11, and 12, which inquired whether appellee failed to warn appellant's driver of his presence in the alleyway and whether such failure was negligence and a proximate cause of appellee's injury. Although it is undisputed that Bloodworth did not warn the driver of the carry-all that he was in the alleyway, it is likewise undisputed that appellee did not know that the carry-all was in the alleyway until it was on his foot and leg. There was no evidence to the effect that appellee had any knowledge of the limitations of the driver's vision. Appellee was not bound to anticipate negligence on the part of the driver of the carry-all or to warn the driver against such negligent conduct. Talley Transfer Company v. Cones, Tex.Civ.App., 216 S.W.2d 604, (Writ Ref.); Texas & Pacific Ry. Company v. Wylie, Tex.Civ.App., 36 S.W.2d 238. The court did not err in refusing to submit such special issues.

Appellant's fourth point complains of the action of the court in refusing to submit to the jury his requested special issues numbers 17 and 18 inquiring whether the general contractor's failure to keep a proper lookout for appellee's safety was the sole proximate cause of the accident. Appellant's 5th point complains of the refusal of the court to submit his requested special issues 19 and 20 inquiring whether the failure of the general contractor to provide appellee a safe place to work was the sole proximate cause of the accident, and in

appellant's 6th point it is contended that the court erred in refusing to submit to the jury requested special issues 21 and 22 inquiring whether the failure of the general contractor to furnish a flagman to warn appellant's driver of the fact that men were working in the alleyway was the sole proximate cause of the accident. The questions inquired about in the above requested special issues were raised by appellant's pleadings which alleged, in effect, that the failure of Fluor (1) to keep a proper lookout for appellee, (2) to provide him a safe place to work and (3) to provide a flagman to warn appellant's driver of persons working in the alleyway constituted the sole proximate cause of the accident. The evidence showed that the Fluor Corporation, Ltd., was the general contractor and that appellant was a subcontractor. Appellee Bloodworth was an employee of the Fluor Corporation and according to his testimony, no one from the Fluor Corporation warned him of the presence of the carry-all just prior to the time of the accident. There was evidence to the effect, and it is undisputed, that no flagman was present on the job to give warning to Bloodworth or to appellant's driver. This was the evidence supporting the submission of appellant's requested special issues here in question and is the same evidence which raised the fact issue inquired about in special issue number 13 of the court's charge as hereinafter set out. There was also undisputed evidence to the effect that appellant's driver backed his machine down the alleyway knowing that he could not see any person or thing from 15 to 20 feet behind the vehicle on the right side; that he knew that men had been moving in and out of the alleyway; that the moving of the equipment which he was operating was dangerous, and that there was no flagman on the job.

■ The court submitted to the jury at the request of appellant special issue number 13 as follows:

"Do you find from a preponderance of the evidence that the failure of the Fluor Corporation, Ltd., to provide a flagman to warn Solomon R. Bloodworth of Vehicles in the alleyway where he was working was not the sole proximate cause of the accident in question?"

The jury answered that failure of appellee's employer to provide a flagman was not the sole cause of the accident. Of course, if the act of a third party was the sole cause of appellee's injury this would constitute a complete defense for appellant. However, special issue 13 was based upon the same pleadings and evidence as the requested issues which appellant contends the court erred in refusing to submit. It is based upon and includes the facts inquired about in such requested special issues. Appellant was not entitled to the submission of such requested special issues because they were merely different shades or phases of the controlling fact issue inquired about in special issue number 13. Appellant's 4th, 5th and 6th points are overruled. Neyland v. Passano, Tex.Civ.App., 352 S.W.2d 367, (Ref. N.R.E.); Texas & Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280.

■ Appellant's 7th and 8th points complain of the action of the court in refusing to include in the court's charge requested instructions concerning the duty of Fluor Corporation, the general contractor and appellee's employer, to provide a safe place for its employees to work and to inspect the premises for dangerous conditions and to provide a flagman to protect persons on the premises from danger. These points are not well taken. This suit is against appellant Tripp, a subcontractor on the job and not against the general contractor. As indicated in Tripp v. Watson, Tex.Civ.App., 235 S.W.2d 677, (Ref. N.R.E.), the requested instructions defined no terms used in the charge of the court and would not have aided the jury in answering any of the special issues submitted. The instructions would have been no help to the jury in determining whether appellant's driver operated his heavy vehicle in a negligent manner or whether appellee himself was guilty

of negligence proximately causing the accident. The requested instructions concerning any duty of the general contractor to provide a safe place to work or to provide a flagman would have been of no assistance to the jury in determining the fact question whether the failure of the general contractor to furnish a flagman was the sole proximate cause of the accident.

In appellant's 9th point it is urged that the court erred in failing to grant his motion for a mistrial because appellant contends that appellee improperly injected insurance into the case and that reversible error was thereby committed in that it caused the jury to return an improper verdict. The record does show that appellee testified in answer to questions by his attorney that when, after he had partially recovered from his injury and applied to the employment agency for unemployment benefits and was asked by the representatives of that agency whether he had a law suit or an insurance case coming up, he answered that he did have. It was shown that appellee had filed a claim with the Industrial Accident Board and had received compensation payments. The instant suit against appellant for damages had not been filed when appellee applied for unemployment benefits. Actually, the insurance case referred to by Bloodworth in his statement to the employment agency referred to his claim for workmen's compensation which was at that time pending before the Industrial Accident Board. Under these circumstances, we believe that the trial court could properly find, and we must assume that the court did find, that the injection of insurance into the case was inadvertent and not intentionally designed to inform the jury that the appellant, the defendant in this case, had indemnity insurance. There was no showing that the jury discussed insurance and in our opinion the record does not show that an improper judgment probably resulted.

Every mention of insurance in a damage suit does not constitute reversible error. On the contrary, the complaining party has the burden of showing that the injection of insurance into the case probably caused rendition of an improper judgment. Rules 434, 503, T.R.C.P. Dennis v. Hulse, (Sup.Ct.), 362 S.W.2d 308; Walker v. Texas Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298; Herrin Transportation Company v. Peterson, Tex. Civ.App., 216 S.W.2d 245, (Writ Ref.). Appellant's 9th point is overruled.

Appellant's 10th point complains of the following argument made by appellee's counsel to the jury: "If any of you now have any doubt in your mind but that this man is tragically and permanently injured from looking at him, don't you know that if there had been a doctor anywhere that would have said he isn't, Mr. Osborn would certainly have had him examined by him." Appellant objected to this argument urging that it was improper and outside the record, and that it constituted reversible error. Appellant particularly urges that there is vice in the argument in that it amounts to a comment upon the failure of appellant to call a witness. We can not agree with this contention. An examination of the argument complained of reveals that there is no reference to the failure of appellant to call any particular witness. It was stipulated by the parties in the presence of the jury that counsel for appellee offered to make appellee available to appellant's attorney for medical examination. Appellant failed to introduce any medical testimony to dispute evidence introduced in behalf of appellee tending to show that appellee had sustained lasting disability. Under these facts, it is our opinion that it was not improper for appellee's attorney to make the argument complained of. Commercial Standard Insurance Company v. Shudde, Tex.Civ.App., 76 S.W.2d 561; Airline Motor Coaches v. Green, Tex.Civ.App., 217 S.W.2d 70; Traders & General Insurance Company v. Childers, Tex.Civ.App., 95 S.W.2d 461; Galveston Theatres v. Larsen, Tex.Civ.App., 124 S.W.2d 936.

Appellant's 11th point complains of the following portion of the closing argument of appellee's attorney: "If there is one thought that I would like to leave with you on behalf of this man, I tell you it is this, we had rather have in this case a hung jury than a verdict for $29,000.00." Appellant's objection to this argument was that it was improper in that it requested the jury to do something other than decide the case on the evidence. We cannot agree with appellant's contention that the argument was a request to the jury to decide the case on some other basis than upon the preponderance of the evidence. In our opinion no error is presented in this point. Texas Employer's Insurance Association v. Mendenhall, Tex.Civ.App., 334 S.W.2d 850, (Ref. N.R.E.); Continental Bus System, Inc. v. Toombs, Tex.Civ.App., 325 S.W.2d 153, (Ref. N.R.E.). Even if it should be held that such argument was improper it does not constitute reversible error under rule 434, T.R.C.P.

We also overrule appellant's contention in his 12th point that the cumulative effect of all of the alleged errors, including the mention of insurance, argument concerning failure of appellant to present medical evidence and asking for a hung jury under the circumstances constitute a denial of due process of law and result in a failure of appellant to receive a fair trial.

Appellee Bloodworth sought in his pleadings to recover the sum of $10,000.00, for physical pain and mental anguish and $20,000.00 for loss of wages and earning capacity. The trial court in submitting the damage issue instructed the jury that they might consider both past and future pain and suffering and mental anguish and also any past and future diminished capacity to work and earn money. The jury returned a verdict of $30,000.00. Appellant apparently does not question the sufficiency of the evidence to support a recovery of $10,000.00 for past and future pain and suffering and mental anguish. Appellant does, however, in his 13th point contend that the award of $20,000.00 for loss of wages and earning

capacity is excessive and should be reduced by a proper remittitur. Appellant contends that, based upon the evidence, there should be a remittitur of $12,500.00.

The evidence shows that appellee Bloodworth is 50 years of age and has a life expectancy of 22 years; that he follows the trade of a boiler maker and prior to the time he was injured was an able bodied worker and had become a first class hand in his trade. After appellee received the injury to his leg and foot in May of 1961, he remained in the hospital three or four weeks while efforts were being made to set his leg; that about a month after he left the hospital he had to return again for three or four weeks for another operation on his leg and foot and thereafter again returned for an additional twelve days of operations and skin grafts. Appellee was then on crutches for about seven months longer and during all of this period of time had no independent source of income. Up until the time of the accident he had been paid the union scale of $3.90 per hour. When appellee again began to work after the accident he found that he would suffer constant pain in his foot and leg and this condition has been continuous. He has become nervous and irritable. His occupation as a boiler maker requires a man to climb and move about and he is unable to do this as well as he could before the injury. His friends frequently have to help him on the job. The slightest turning of his ankle requires him to sit down and rest for as much as an hour and after a day's work his foot and ankle are so swollen that he is required to soak them to relieve such condition. At the trial appellee exhibited his foot and leg to the court and jury and they had opportunity to see that approximately sixteen months after the injury his foot was still swollen, discolored and scarred, irritated where the skin grafts were taken, and to observe the general condition of his ankle and foot.

The rule to be used in determining whether a verdict is excessive and a remittitur

required to cure the error is set out in Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993, 994 and approved and quoted by our Supreme Court in Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835 at page 840 as follows:

"All the Court of Civil Appeals can do, and all that is required of it to do * * * is to exercise its sound judicial judgment and discretion in the ascertainment of what amount would be reasonable compensation for the injury sustained, and treat the balance as excess * * * (Having) decided upon an amount that would be reasonable compensation * * * it should authorize a remittitur of the excess * * in accordance with its sound judgment."

We have carefully considered all the evidence in the light of the standard set forth by our Supreme Court and have concluded that $20,000.00 is not an excessive award for appellee's lost past earnings and decreased future earning capacity.

The judgment of the trial court is affirmed.