**Wesley T. DUTTON, Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION,**
**Appellee.**

**No. 6564.**

Court of Civil Appeals of Texas, El Paso.

Jan. 11, 1978.

Rehearing Denied Feb. 8, 1978.

Richard T. Marshall, El Paso, Boccardo, Blum, Lull, Niland & Bell, Edward J. Niland, Jr., Stanley A. Ibler, Jr., San Jose, Cal., R. Edward Pfiester, Jr., Heber N. Teerlink, Los Angeles, Cal., for appellant.

Kemp, Smith, White, Duncan & Hammond, Jack C. Duncan, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is a suit for damages for personal injuries filed pursuant to the provisions of the Federal Employers' Liability Act and the Safety Appliance Acts. Mr. Dutton, a brakeman for the Railroad Company, sustained injuries to his right knee when he stepped off a moving rail car and fell. Judgment was entered for the Railroad based upon jury findings in its favor. We affirm.

Mr. Dutton was a member of a train crew which left El Paso at 1:10 o'clock a. m. on September 14, 1971. While stopped at a siding to permit another train to pass, Mr. Dutton discovered a rail car with a defective air line. While disconnecting this car at the Desert, New Mexico, siding, Mr. Dutton stepped off the boxcar onto the toepath along the tracks. He stepped in a hole or depression and fell injuring his right knee. He subsequently had two knee operations and was wearing a leg brace at the time of trial. The jury failed to find that Plaintiff was not furnished a safe place in which to work. They found that there was a failure of the train brake system, but did not find this to be a proximate cause of Appellant's

injuries. They found no negligence on the part of Mr. Dutton and in part answered the damage issue favorable to him.

■ The Appellant first contends that the trial Court erred in defining proximate cause and particularly in giving the common law definition. The instruction requested by Appellant provided:

"'PROXIMATE CAUSE' means a cause which played any part, no matter how small, in actually bringing about or causing the injury."

The trial Court gave the common law definition, modified the requested instruction and instructed the jury as follows:

"'PROXIMATE CAUSE', as that term is used in this charge, means that cause which, in its natural and continuous sequence, unbroken by any new independent cause, produces an injury, and without which cause, the injury would not have occurred, and which injury, or some similar injury, would have been reasonably foreseen by a person of ordinary care in the light of the attending circumstances. There may be more than one proximate cause of an injury.

"In this connection, you are further instructed that by 'PROXIMATE CAUSE' means a cause which plays any part in actually bringing about or causing the injury."

It is urged that under the holdings in *Coray v. Southern Pacific Company*, 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208 (1949) and *Rogers v. Missouri Pacific Railroad*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), an instruction on common law negligence has no place in an F.E.L.A. case, and that it is reversible error to give such an instruction. In the latter case, the Court discussed at length the test to be applied in this type of case, but the language used was with regard to the sufficiency of the evidence to raise a fact issue for jury determination and not with regard to a proper jury instruction. *Bertrand v. Southern Pacific Company*, 282 F.2d 569 (9th Cir. 1960), cert. denied, 365 U.S. 816, 81 S.Ct. 697, 5 L.Ed.2d 694 (1961). Even so, the opinion makes it clear that the single issue for determination is "whether, with reason, the conclusion

may be drawn that negligence of the employer played any part at all in the injury * * *." We believe the instruction as given in this case so advised the jury. They were told that proximate cause means a cause which *plays any part* in causing the injury.

In *Tyree v. New York Central Railroad*, 382 F.2d 524 (6th Cir.), cert. denied, 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967). The Court affirmed a judgment in which the usual common law definition of proximate cause was used in the Court's charge. In finding no reversible error, the Court said:

"In 53 Am.Jur.—Trial—Section 842, the general rule is well stated: 'In considering the correctness and adequacy of a charge to the jury, it should be taken as a whole and read in its entirety; that is, each instruction must be considered in connection with others of the series referring to the same subject and connected therewith, and if, when taken together, they properly express the law as applicable to the particular case, there is no just ground of complaint, even though an isolated and detached clause is in itself inaccurate, ambiguous, incomplete, or otherwise subject to criticism.' Cited in support of the foregoing rule is *Patapsco Insurance Co. v. Soughgate*, 30 U.S. 604, 621 (5 Pet.), 8 L.Ed. 243."

While the instruction requested defined proximate cause as a cause which *played any part, no matter how small*, in causing the injury, and the definition as given defined the term as a cause which *plays any part* in causing the injury, there is no significant difference. A person competent to serve as a juror surely knows that "any part" encompasses and includes "any part, no matter how small." In *Continental Oil Company v. Lindley*, 382 S.W.2d 296 (Tex. Civ.App.—Houston 1964, writ ref'd n. r. e.), the Court in a Jones Act case said:

" * * * The words 'played any part' encompass the slightest part. It was unnecessary to add the superfluous words 'even the slightest.' * * * "

The first point of error is overruled.

■ Appellant's second point urges error because of the trial Court's failure to give a

requested instruction with regard to proof of a specific act of negligence by the Defendant and inferences based upon both direct and circumstantial evidence. The Court, in this case, instructed the jury with regard to the evidence as follows:

"Evidence may be either direct or circumstantial. It is direct evidence if it proves a fact, without an inference, and which in itself, if true, conclusively establishes that fact. It is circumstantial evidence if it proves a fact from which an inference of the existence of another fact may be drawn."

Although there is some difference in wording between the instruction requested and the one given, the one given by the Court is a correct statement of the law and does include a proper statement of the law with regard to inferences from circumstantial evidence. 2 McCormick & Ray, Texas Law of Evidence, 2nd Ed., Sec. 1481 (1956). Although the instruction given was not in the exact language as recommended in PJC 2.06, Texas Pattern Jury Charges, Vol. 1 (1969), it contains basically the same language and sets forth the same meaning as the Pattern instruction. Finding no error, Point of Error No. 2 is overruled.

■ Point of Error No. 3 complains because of the failure of the trial Court to give a general instruction with regard to the law to be applied in F.E.L.A. and S.A.A. cases. The proposed instruction would have accomplished nothing more than to tell the jury the effect of their answers. It was not related to any particular special issue, and those instructions which were given clearly set out the respective duties and responsibilities of each party with regard to their own conduct and acts, including that related to the equipment involved in this case. The trial Court is not required to give unlimited general charges in a special issue case, particularly where they are "not 'necessary to enable the jury to properly pass upon and render a verdict on such issues;' * * *." *Boaz v. White's Auto Stores*, 141 Tex. 366, 172 S.W.2d 481 (1943); *Tripp v. Watson*, 235 S.W.2d 677 (Tex.Civ.App.— Fort Worth 1950, writ ref'd n. r. e.); *Tripp v. Bloodworth*, 374 S.W.2d 713 (Tex.Civ.

App.—Eastland 1964, writ ref'd n. r. e.). Point of Error No. 3 is overruled.

■ The next point complains of the failure to give an instruction that there existed a continuous duty to provide a safe place to work "even though the Plaintiff's duties at the time and place in question may have been fleeting and infrequent." We find no error. The Court instructed the jury that there was a continuous duty on the part of the Railroad to use ordinary care in furnishing its employees a reasonably safe place to work and that this was a non-delegable duty. Certainly, the jury knew that if the duty existed, that it was nondelegable and it was continuous; it would be present even at places where Plaintiff's duties may have been fleeting and infrequent. The Court's instruction was as broad as it could be written, without any restriction as to time or place, and easily understood by the jury which tried the case.

While the Court's charge must cover the broad general duties involved in this type case, it would be impossible for a trial Court to include every clause and phrase used by an appellate Court to enunciate and elaborate on the general duties involved in F.E.L.A. and S.A.A. cases. We conclude that the instruction as given was couched in language easily understood by a jury of average laymen, and that, basically, is all that is required. *Traders and General Insurance Company v. Rockey*, 278 S.W.2d 490 (Tex.Civ.App.—Amarillo 1955, writ ref'd n. r. e.). Point of Error No. 4 is overruled.

■ Appellant also asserts error because of the trial Court's refusing an instruction on the elements of damages in an F.E.L.A. case. The damage issue as submitted is very close to PJC 11.04 in the Texas Pattern Jury Charges, Vol. 1 (1969). We conclude that the issue was properly submitted and the requested additional instructions would not materially aid the jury. But, in any event, no harm is shown in this case where the Appellant did not establish liability upon the part of the Railroad. *Hunter v. Robison*, 488 S.W.2d 555 (Tex.Civ.App.— Dallas 1972, writ ref'd n. r. e.); *South Tex-*

as *Natural Gas Gathering Company v. Guerra*, 469 S.W.2d 899 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.). Point of Error No. 5 is overruled.

■ The Appellant next asserts error upon the part of the trial Court in admitting in evidence the written accident report forms made by the train crew. Counsel for Appellant proved by the first witness, Mr. Tierney, an assistant superintendent of the Railroad, that members of the crew were required to complete and file accident report Form No. 2611. As part of the cross-examination of Mr. Dutton, he acknowledged that he had filed Form No. 2611 the morning after the accident. He also said that members of the crew were required to complete the accident report form. He then identified the Form No. 2611 filed by each member of the train crew and their respective signatures on the form each one filed. Without objection, the report Form No. 2611, filed by Mr. Dutton, was read to the jury. It reflected the time and place of the accident, and with regard to the accident itself said:

"Nature of Injury Twisted my right knee & leg

"Name and Address of Witness(es) None

"Extent of Damage unknown

"Where were you when accident occurred Setting out a bad order Car

"State how accident occurred I was setting out Car on siding Desert, stepping on rock at slag twisting or wrenching my right knee, both in the Cap and behind leg "

The reports filed by the members of the crew which were received in evidence over objection by counsel for Appellant were only cumulative of the evidence contained in Mr. Dutton's report. They all indicated there were no witnesses and that the extent of the injury was unknown. Three of the four reports stated the nature of the injury to be a twisted knee and the other report said "Unknown." Three of the reports indicated that the crew member who signed did not know how the accident occurred, and the fourth member only reported that Mr. Dutton was setting out a car and claimed that he twisted his knee.

We conclude that the accident report forms were admissible as business records under Article 3737e, Tex.Rev.Civ.Stat.Ann., and the testimony of Mr. Tierney and of Mr. Dutton established that the members of the crew were required to file the report forms, that they were all filed with the Railroad agent the morning following the accident, and they all bear that date. Mr. Dutton even identified the signature on each report form as a member of the train crew with which he worked. We believe such testimony meets the requirements of Article 3737e, Sec. 2, concerning identity and mode of preparation of the reports.

But in any event, no reversible error is established under Rule 434, Tex.R.Civ.P. The reports by the members of the crew were cumulative of the evidence of Mr. Dutton's report and corroborated his statements about the accident. Point of Error No. 6 is overruled.

■ The last point of error asserts that there was jury misconduct in referring to a dictionary during the deliberations to determine the meaning of "proximate cause." At the hearing on the motion for new trial, ten jurors testified. The trial Court then filed findings of fact and conclusions of law. It found that during jury deliberations, a discussion occurred as to the meaning of "proximate cause" and that a juror looked up the word "proximate" in a pocket dictionary. It also found that the jurors were immediately admonished by the foreman and another juror that they must be governed by the definition contained in the charge of the Court and that definition was again read to the jury by the foreman. Although he found that the use of the dictionary was misconduct, the trial Judge concluded that the degree of misconduct was not material and that from the record as a whole, it did not reasonably appear that injury probably resulted to the Appellant. We have carefully reviewed the record and we concur in those findings and conclusions and we find no reversible error from the record as a whole. Rule 327, Tex.R.Civ.P. This same issue was before the Court in *Davis v. Damge*, 328 S.W.2d

203 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.), and the Court in that case concluded that where the dictionary definition of "proximate" was not established, appellant had not shown any injury. In this case, the dictionary used by one juror was not before the Court and the definition which was read to the jurors could not be shown at the hearing on motion for new trial. There was no proof that the jury failed to follow the Court's charge or that they did not heed the admonition of the foreman. From the record as a whole, we do not find that injury probably resulted to the Appellant. Point of Error No. 7 is overruled.

The judgment of the trial Court is affirmed.