**Foster C. WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 8184.**

Court of Civil Appeals of Texas, Beaumont.

March 29, 1979.

Rehearing Denied April 26, 1979.

Foster C. Wilson, Beaumont, for appellant.

Linda A. Marchesseau, Austin, for appellee.

DIES, Chief Justice.

Following a hearing before the Grievance Committee for District 3–A of the State Bar of Texas, the Committee instituted a disbarment suit against Foster C. Wilson in the District Court of Jefferson County. Trial was to a jury, which, on November 18, 1977, returned its verdict, finding that defendant below, Wilson, engaged in several acts of professional misconduct as set forth in *Tex.Rev.Civ.Stat.Ann. art. 320a–1* (Vernon 1973), and State Bar of Texas, Rules and Code of Professional Responsibility, art. XII (1970) (hereinafter State Bar of Texas Rules).

On February 16, 1978, after hearing motions by both parties, the court entered its judgment which ordered Wilson to be suspended for fifty (50) months. From this judgment, Wilson has perfected this appeal.

Appellant's first point complains that the Grievance Committee is an agency subject to the Texas Administrative Procedure and Register Act, *Tex.Rev.Civ.Stat.Ann. art. 6252–13a* (Vernon Supp.1978), that the hearing before the Grievance Committee was not held in accordance with this act, and, therefore, the District Court had no jurisdiction to try the case de novo.

In *Section 3(1)* of that act, "agency" is defined as:

" . . . any state board, commission, department, or offices having statewide jurisdiction, other than an agency wholly financed by federal funds, the legislature, the courts, the Industrial Accident Board, and institutions of higher education, that makes rules or determines contested cases."

We have been unable to find any Texas case directly construing this contention; however, the Austin Court has noted that the courts are entirely exempt from the Texas Administrative Procedure and Register Act whether they are acting in an administrative or judicial capacity. *Cameron v. Greenhill,* 577 S.W.2d 389 (Tex.Civ. App.—Austin 1979). We hold that a Grievance Committee of the State Bar Association is not subject to this act for these reasons.

A Grievance Committee does not have statewide jurisdiction. It does not make rules; rules are promulgated by our Supreme Court. See *Tex.Rev.Civ.Stat.Ann. art. 320a–1, Sec. 4, Subdivision (a)* (Vernon 1973). It does not decide "contested cases" as it may only dismiss a complaint or make a final determination with the accused attorney's consent. See *Tex.Rev.Civ.Stat. Ann. art. 320a–1, Sec. 5* (Vernon 1973), and State Bar of Texas Rules, art. XII, § 16. See also *Munson v. State,* 576 S.W.2d 440 (Tex.Civ.App.—Austin 1978, writ filed).

These decisions from other states support this holding. *Babineaux v. Judiciary Com-*

*mission,* 341 So.2d 396, 401 (La.1976); *Petition of Rhode Island Bar Association,* 374 A.2d 802, 803 (R.I.1977); *Mendicino v. Whitchurch,* 565 P.2d 460, 475 (Wyo.1977). See also *State v. Sewell,* 487 S.W.2d 716, 718 (Tex.1972), where our Supreme Court has likened the preliminary investigation of the Grievance Committee to investigation by a grand jury. See also *Galindo v. State,* 535 S.W.2d 923, 927 (Tex.Civ.App.—Corpus Christi 1976, no writ), which speaks to the requirements of due process "in any proceeding which is to be accorded finality," and the court notes that the Grievance Committee proceedings are not final except by consent. This point of error is overruled.

Appellant's second point urges that the trial court erred in holding that counts 4–9 of petitioner's Fourth Amended Complaint were not barred by the Statute of Limitations.

■ As noted in *Galindo v. State,* supra at 926, the State Bar of Texas Rules require a filing of a complaint before the Grievance Committee within four (4) years of the misconduct, art. XII, § 10, but the complaint may be verbal or in writing. Art. XII, § 7. Appellant attempts to measure the requisite time from the offense to the filing of the Fourth Amended Original Complaint, but the time is to be measured from the misconduct to the filing before the Grievance Committee. All of the offenses complained of here were presented to the Grievance Committee well within four years of their commitment. This point is overruled.

Appellant's third point complains that the trial court erred in overruling his Fourth Motion for Continuance.

■ In November 1976 petitioner's Second Amended Complaint alleged that appellant transferred to himself shares of stock in "Boston" corporation. Actually the name of the corporation appellant set up was "Burfin." This was not corrected until the Fourth Amended Complaint which was filed on October 31, 1977, and the trial commenced on November 7, 1977. We do not believe appellant was misled or surprised. See *Tex.R.Civ.P. 63; Harrington v. State,* 385 S.W.2d 411, 418 (Tex.Civ.App.—Austin 1964) *rev'd on other grounds,* 407 S.W.2d 467 (Tex.1966).

■ Appellant's Point 4 urges the trial court abused its discretion in overruling his special exceptions to the Committee's pleadings. "A large measure of discretion" is given a trial judge in passing on exceptions to the pleadings, and his rulings will not be disturbed unless there is a showing of injury or abuse of discretion. *Southern Underwriters v. Hodges,* 141 S.W.2d 707 (Tex.Civ.App.—Waco 1940, writ ref'd). We find no abuse of discretion by the trial judge and overrule this point.

■ The next point urges the trial court erred in overruling appellant's plea in abatement, complaining of the substitution of trial judges. Several judges were involved with preliminary work before the actual trial began. Judge King recused himself because of personal knowledge on October 10, 1977. The cause was then transferred to the 58th District Court, and Judge Brookshire began the proceedings and ruled on some motions. The actual trial was heard by Judge Cartwright of the 55th Judicial District who was appointed to serve by Judge Rogers, Presiding Judge of the Second Administrative Judicial District (the district in which Judge Cartwright serves) after Judge Brookshire had recused himself. This procedure was proper under Sec. 22, art. XII of the rules governing the State Bar of Texas.

Appellant claims Judge Brookshire did not recuse himself as there was no written notation of recusement in the transcript; at trial, Judge Cartwright stated that Judge Brookshire had called and recused himself, and appellant's attorney stated: "Counsel for the defendant waives any further necessity of Judge Cartwright making any statement in face of the court's statement in the record." This point is overruled.

Appellant has no evidentiary points attacking the jury findings. However, there are several statements within the body of his brief which could so be construed. See

*Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943). We have carefully considered all the testimony and find that each finding of the jury is supported by probative testimony.

Appellant does complain of the trial court's failure to instruct a verdict for him. If the evidence is sufficient to raise an issue of fact, the case must go to the jury. *Hamill v. Brashear,* 513 S.W.2d 602, 609 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.). A court cannot direct a verdict "unless the evidence was of such character that there is no room for reasonable minds to differ as to the conclusions to be drawn." *Najera v. Great Atlantic & Pacific Tea Co.,* 146 Tex. 367, 207 S.W.2d 365 (1948). See *Texas Employees Insurance Ass'n v. Page,* 553 S.W.2d 98 (Tex.1977). Having already found the jury findings to be supported by probative testimony, we overrule this point.

Appellant contends the trial court was incorrect in making the judgment of suspension effective immediately. The State Bar of Texas Rules, art. XII, § 30 states:

"Either party to such proceeding shall have the right of appeal to the Court of Civil Appeals, but if the judgment appealed from be one suspending or disbarring the defendant, he shall not be entitled to practice law in any form while the appeal is pending, and he shall have no right to supersede the judgment by bond or otherwise."

The legal effect of the judgment below was to suspend Wilson as an attorney at law "as of the time of the rendition of that decree, and . . . such disbarment continued in effect during the pendency of the appeal." *Phagan v. State,* 510 S.W.2d 655, 659 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.). This point is overruled.

Appellant complains of the trial court's failure to submit eleven special issues requested by him. *Tex.R.Civ.P. 279* states:

"Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue."

Trial courts, as far as possible, should simplify special issues. See *Northeast Texas Motor Lines v. Hodges,* 138 Tex. 280, 158 S.W.2d 487, 489 (Tex.Comm'n App. 1942, opinion adopted). See also *Braugh v. Phillips,* 557 S.W.2d 155, 158 (Tex.Civ.App. —Corpus Christi 1977, writ ref'd n. r. e.); *Neyland v. Passano,* 352 S.W.2d 367 (Tex. Civ.App.—Houston 1961, writ ref'd n. r. e.). It is only required that each controlling issue raised by the pleading and the evidence be submitted once simply and succinctly. *Hodges,* supra, 158 S.W.2d at 489.

The trial court is not required to follow the exact language of the pleading. *Braugh,* supra at 158. See also 3 R. McDonald, Texas Civil Practice § 12.092 at 299 (rev. 1970). The decision of which issues are controlling and which are evidentiary rests largely within the discretion of the trial court and will not be disturbed by an appellate court except in cases of probable harm. *Stalder v. Bowen,* 373 S.W.2d 824, 828 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.). We believe the trial court in the case at bar fairly submitted all the controlling issues. These points are overruled.

Appellant has points concerning the taxing of certain costs which we think are good. *Tex.R.Civ.P. 215c(b)* provides the costs of non-stenographic recording shall not be taxed as costs "unless before the deposition is taken, the parties so agree, or the court so orders on motion and notice." The order for the deposition of Ms. Gay does not mention costs or method. Accordingly the cost of this videotape should not be charged to appellant.

Proper notice of the deposition of Conde (*Tex.R.Civ.P. 200*) was not given, and appellant's Motion in Limine was granted to keep it out of evidence. So, this cost should not be charged to appellant either.

The Bill of Costs shows that the total of the Gay and Conde depositions was $590.34; this amount should be subtracted from the total trial court cost assessed against Wilson of $1,126.34, leaving $536.10 properly

taxed against Foster C. Wilson. The judgment of the trial court is accordingly reformed as to the costs taxed against Wilson. All of appellant's other points are overruled, and the judgment of the trial court, as reformed, is affirmed.

AFFIRMED.

CLAYTON, J., not participating.