**CITY OF HOUSTON v. FONDREN et ux.**

**No. 11822.**

Court of Civil Appeals of Texas. Galveston.

Nov. 7, 1946.

Supplemental Opinion Dec. 5, 1946.

Rehearing Denied Jan. 9, 1947.

Lewis W. Cutrer, City Atty., and George Eddy, First Asst. City Atty., both of Houston, for appellant.

Allen, Smith & Neal and Geo. D. Neal, all of Houston, for appellees.

GRAVES, Justice.

This appeal is from a $17,000.00-judgment in favor of the appellee, Cleon E. Fondren, entered by the 127th District Court of Harris County, in response to a jury's verdict on special issues to the effect that the appellee had sustained damages in that sum, as the result of the negligence of the appellant-city's employee in causing a collision between one of its trucks and the automobile of the appellee, which at the time was being driven by himself.

In this court, while it splits them into several more, the appellant City urges but two controlling points of error, for a reversal:

The first one being to this effect:

That the jury's award of $17,000.00 to the appellee as compensation for his injuries so received was so unreasonably excessive in amount as to shock the judicial conscience, and to furnish unmistakable indication that it was the result of passion, prejudice, or some other improper motive, rather than of a due consideration of the evidence before the jury; especially so, when the appellee's single injury was undisputedly shown to have been a very minor one—at most a chip fracture of the outer rim of his right acetabulum, or the cup of his right hip;

Subsidiarily, that appellee's protestations of pain and suffering, along with his claim of physical disability, all asserted to have resulted to him directly from such inconsequential injury, were unsupported by the evidence, and could not be accounted for.

The second one is: The court abused its discretion in overruling appellant's motion for a new trial; in that, the jury was shown to have been guilty of such misconduct during its consideration of the cause as vitiated the verdict so returned by it, to the prejudice of appellant, in each and all of these respects, to-wit: In first determining to find in favor of plaintiff, and then proceeding to answer the issues in such manner as to arrive at that end; in arriving at the amount of damages to be awarded to Cleon E. Fondren by a "quotient" verdict; in mentioning and discussing the question of what the appellee's attorneys' fees in the case would probably be. Attached to the motion were affidavits from three jurors, purporting on the face thereof to substantiate the averments of misconduct.

After careful review of the record, together with the statement of facts, this member of the court is unable to see eye-to-eye with the appellant in its contention that the $17,000.00-verdict in this cause was excessive; on the contrary, that award fails to shock his judicial conscience when he contemplates the whole body of the evidence reflecting the character of the injury inflicted upon the appellee, the intrinsic nature of it, and the condition he was shown to have lingered in as a direct result of it—up until the conclusion of this trial in the court below.

In the first place, the negligent collision the City's truck inflicted upon the appellee was a severe one—it threw him entirely clear of the car in a hard fall, rendering him unconscious, and a fit subject for a hospital, where he was at once taken; it demolished his automobile to the extent that as a result thereof it was afterward sold for junk.

It resulted in the appellee's never having regularly worked any (although he did meanwhile earn a pittance of $25.00 repairing radios) from the time of the accident on the 29th day of March, 1945, until that of this trial below, on the 15th day of March, 1946. By the testimony of four of the doctors who examined and treated his injuries, it inflicted upon him a fracture of the right hip, which had not healed in the 11-½ months intervening between the time of the collision and the time of the trial, when the doctors so testified; in the further testimony of all such doctors but one, it was the consensus of opinion between them that such fracture was a permanent one, and would never heal; it was the further opinion of all the doctors that, having been such a fracture, it was sufficient to, and did, injure the surrounding tissues of the man's body to a decided extent, and all of them, except one, were also of the opinion that it accounted for all the pain and suffering which the appellee complained of as being very severe throughout the period from the date of the accident to the close of the trial.

From the evidence as a whole—since the jury was not limited to that from medical men alone—it seems to this member clear that it had a right to make at least these major findings: (1) That Cleon E. Fondren had been so seriously injured, and that his injury would go through the remainder of his natural life; (2) since, for about the nine years next before his injury, he had been making an average of over $200.00 a month, that he would probably have made materially more than that in the future—that his earnings would likely have increased as he got older; (3) that he probably would have lived for the 36-¾ years' life-expectancy the mortality tables gave him; (4) that his injuries would reasonably diminish his earning capacity by at least 20 per cent, or something like $700.00 per year.

In addition to the facts so shown, the record not only discloses testimony from which the jury might properly have found, as indicated, that the appellee would probably have to spend the remainder of his life in such crippled condition, but it is wholly without any evidence of any probative force even tending to show that any member of the jury returning the verdict had acted in response to any passion, or prejudice, or other improper motive, rather

than in compliance with the oath he took to render his verdict upon the law and the evidence only.

These authorities deal with analogous, or at least, closely kindred states of fact, and are thought by him to support the trial court's action in entering the judgment it did: City of Harlingen v. Scroggins, Tex.Civ.App., 121 S.W.2d 408, 409, writ dismissed; Galveston, etc., v. Stevens, Tex.Civ.App., 94 S.W. 395, writ denied; Houston, etc., v. Batchler, 32 Tex.Civ.App. 116, 83 S.W. 902, 907, writ refused; International-G. N. R. Co. v. Hawthorne, 131 Tex. 622, 116 S.W.2d 1056, certiorari denied 306 U.S. 639, 59 S.Ct. 487, 83 L.Ed. 1040; Id., Tex.Civ.App., 90 S.W.2d 898; Long v. Metcalf, Tex.Civ.App., 134 S.W. 2d 485; McIver v. Gloria, 140 Tex. 566, 168 S.W.2d 710; Pure Oil Co. v. Crabb, Tex.Civ.App., 151 S.W.2d 962, writ refused; Texarkana, etc., v. Toliver, 37 Tex. Civ.App. 437, 84 S.W. 375, writ refused; Texas & N. O. Ry. Co. v. McGinnis, Tex. Civ.App., 81 S.W.2d 200, affirmed 130 Tex. 338, 109 S.W.2d 160; Texas & N. O. Ry. Co. v. Rittimann, Tex.Civ.App., 87 S.W.2d 745, writ dismissed.

Neither can the refusal of a new trial to appellant be held to have been reversible.

The trial court heard such motion for a new trial in open court, with all twelve of the jurors, who had rendered the verdict, present and testifying; the court literally cross-examined each one of them separately and in detail concerning what occurred in the jury room during the trial as to each and all of the matters so alleged to have been the subject-matter of improper conduct; whereupon, they each and all denied under oath in so testifying that any such conduct as was alleged by the appellant occurred in any respect; indeed, the three jurors who were alleged to have made the affidavits appellant had so attached to its motion for a new trial, repudiated them, as well as each and all of the statements therein attributed to each of such jurors.

Not only so, but all its members categorically denied that the jury had discussed at all the effect their answers to the special issues submitted by the court would have upon their verdict, denying further that they had first determined to find in favor of the appellee, and then answered the issues in such manner as to arrive at that end; all swore that they had answered the special issues in the numerical order thereof, and that they did not discuss the amount to be awarded to the appellee, until they had first answered all the other issues.

It appears, however, that one of the twelve jurors was not asked upon the new trial-hearing as to how the jurors had originally answered the special issues, but he was interrogated concerning the question of attorneys' fees; that one juror then testified that, after the verdict had been reached by the jury, someone said something about attorneys' fees; but that the matter ended there, as others had at once said that the attorneys' fees did not concern the jurors.

Several others of the jurors repeated, in substance, the same recollection as the one just referred to; but they each and all agreed that, whatever was so said in that connection, it had been a mere momentary reference to such a mention of attorneys' fees, and that it had been stopped by the foreman, and perhaps other members of the jury, with the statement that the jury had nothing to do with such an inquiry, and that it was so dropped without any discussion of it at all; and, finally, upon this subject, the twelve jurors had all thus been unanimous in their testimony, that such casual mention of the subject of attorneys' fees had, in any event, been made only after the jury had rendered its verdict, and was waiting for the officer to come for them and conduct them into court, so that the same could be delivered to the trial judge.

In view of the conceded discretion allowed the trial court upon motion for a new trial in such circumstances, it is clear to this court that, under Rule 327, Texas Rules of Civil Procedure, there was, first, no misconduct whatever of the jury shown in this case; and, second, that, even as to such mention of attorneys' fees, there was no reasonable probability shown of any

resulting injury to the appellant. The affidavits were neither evidence nor admissible as such on the hearing for a new trial; 31 Tex.Jur., page 147, paragraph 137.

■ Moreover, the burden was on appellant to show both that the alleged misconduct occurred, and that it was probably injured thereby, neither of which conditions precedent it met, under these authorities; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Bendelin v. Thompson, Tex.Civ.App., 33 S.W.2d 220, writ dismissed; Farmers' Nat. Bank v. Harper, Tex.Civ.App., 261 S.W. 160; Fritsche v. Niechoy, Tex.Civ.App., 197 S.W. 1017, writ dismissed; Gulf States Tel. Co. v. Evetts, Tex.Civ.App., 188 S.W. 289, writ refused; Kaker v. Parrish, Tex.Civ.App., 187 S.W. 517, writ refused; McCall v. Alpine Tel. Corp., Tex.Civ.App., 183 S.W.2d 205, affirmed Alphine Tel. Corp. v. McCall, 143 Tex. 335, 184 S.W.2d 830; Oliphant v. Buie, Tex.Civ.App., 134 S.W.2d 751, 753; People's Ice Co. v. Glenn, Tex.Civ.App., 8 S.W.2d 735; Prescott v. Metropolitan Life Ins. Co., Tex.Civ.App., 129 S.W.2d 821, writ dismissed; Price v. Briscoe, 141 Tex. 159, 170 S.W.2d 729; Russell v. Adams, Tex.Civ.App., 18 S.W.2d 189; Wallis v. Long, Tex.Civ.App., 75 S.W.2d 138, writ refused; Wilson v. Place, Tex. Civ.App., 293 S.W. 322.

Upon the cause as a whole, this member concludes that appellant was given a fair trial; that its conceded negligence was not more than reasonably compensated for in the $17,000.00 award made to the appellee, hence that the judgment of the court below should be affirmed.

The majority of the court hold that verdict excessive, however, as appears from their ensuing opinion and judgment.

MONTEITH, Chief Justice, and CODY, Justice.

■ Upon a careful examination of the evidence of appellee's injuries, which discloses without dispute that no atrophy of the surrounding tissue has taken place, and which further discloses that the injury was not sufficient to require the medical treatment usually attendant upon injuries where recoveries of the magnitude here awarded have been upheld, we deem it our duty under Rule 440, Texas Rules of Civil Procedure, to hold that the verdict and judgment here are excessive. We reverse the judgment of the trial court because of its excessiveness alone, being in complete agreement with the opinion of Justice GRAVES except in the conclusion that the verdict and judgment is not so excessive as to require a reversal. On the duty of Courts of Civil Appeals see Shell Oil Company, Inc., v. Jackson County et al., Tex. Civ.App., 193 S.W.2d 268, 274, and authorities there cited. We deem the verdict and judgment to be so excessive in the sum of $7000.00, and unless appellee shall within fifteen days from this date file a remittitur in the amount of $7000.00, in which event the judgment will be awarded for $10,-000.00 in favor of appellee against appellant, and for said amount will be affirmed, otherwise the judgment will be reversed and the cause remanded for a new trial.

Justice GRAVES dissents from the holding that the verdict and judgment is so excessive as to require a reversal, and his views thereon are expressed in the foregoing opinion and in which the entire court concurs, except as indicated.

### Supplemental Opinion.

PER CURIAM.

This Court, on November 7, 1946, entered its order herein requiring appellees to file within fifteen days from such date a remittitur in the sum of $7000.00, and provided in such order that, upon their failure to so file said $7000.00 remittitur, this Court would reverse the judgment of the trial court and remand the cause for a new trial. On November 20, 1946, this Court refused appellees' motion to set aside such order requiring the $7000.00 remittitur to be filed.

It now appears that on November 22, 1946, appellees filed a remittitur herein in the sum of $7000.00 pursuant to this Court's order of November 7, 1946. Therefore, the judgment of the trial court will be reformed so as to award to appellees a recovery of $10,675.00 instead of the sum of $17,675.00 so awarded by the trial court,

and as so reformed the judgment of the trial court will be affirmed. The costs of appeal will be taxed against the appellees.

Justice GRAVES adheres to his opinion that the judgment of the trial court was not excessive, and dissents only to that part of this Court's judgment which reduces the trial court judgment to $10,675.00.

Reformed and affirmed.

GRAVES, J., dissenting in part.