### DALLAS RAILWAY & TERMINAL CO. v. STRAUGHAN.
#### No. 6255.

Court of Civil Appeals of Texas. Amarillo.
Oct. 27, 1952.

Burford, Ryburn, Hincks & Ford, Dallas, for appellant.

Mullinax, Wells & Ball, Dallas, for appellee

PITTS, Chief Justice.

Appellee, O. J. Straughan, filed this suit against appellant, Dallas Railway & Terminal Company, alleging a collision of his automobile with appellant's bus at a certain street intersection in the City of Dallas on March 9, 1951, by reason of the negligence of appellant's bus driver and sought personal and property damages as a result thereof in the total sum of $1,500. Thereafter appellant answered joining issues with appellee and American Automobile Insurance Company, hereafter referred to as Insurance Company, intervened claiming certain subrogation rights against appellant by reason of its having settled with appellee for his property damages in compliance with the terms of a policy it had previously issued to appellee. The case was tried to a jury. Upon answers to special issues returned by the jury the trial court awarded appellee judgment for damages in the sum of $525 and the Insurance Company judgment for its subrogation rights in the sum of $435.92. Appellee subsequently filed a

remittitur of $25 and his judgment was then reduced to $500 making the total judgment for the sum of $935. Appellant perfected its appeal to the Court of Civil Appeals at Dallas and the Supreme Court, in order to equalize the dockets of the Courts of Civil Appeals, transferred the case to this court.

The record reveals that appellee was operating his 1947 Buick sedan automobile west on Live Oak Street at approximately 5 o'clock p. m. on the said date and appellant's bus was being then operated north on Peak Street when they collided in the intersection of the said two streets. There were visible stop signs on Peak Street requiring motorists travelling on Peak Street to stop at the said street intersection and yield the right of way to approaching motor vehicles travelling on Live Oak Street. There were not any stop signs or other traffic control devices on Live Oak Street at the said street intersection. At the time of the collision the weather was fair and there was the usual late afternoon traffic on the said streets, both of which were paved.

■ The verdict of the jury convicted appellant's bus driver of two separate acts of negligence each of which was found to be a proximate cause of the collision that resulted in the damages awarded. The said verdict also exonerated appellee from any act of negligence which caused or contributed to cause the collision. The jury found the bus driver failed to keep a proper lookout at the time and place of the collision and that such was a proximate cause of the collision. It also found that the bus driver stopped the bus at the intersection but the stop must have been momentary for the jury further found that the driver started the bus up again and entered the intersection at a time when appellee's automobile was so close to the same as to constitute an immediate hazard. The jury then further found that the bus driver failed to yield the right of way to appellee and that such failure was likewise a proximate cause of the collision. The jury also found that appellee kept a proper lookout on the occasion in question and that he was not operating his automobile at a greater rate of speed than was reasonable and prudent under the existing circumstances at the time and place of the col-

lision. The jury likewise found that the collision was not the result of an unavoidable accident. These findings have not been challenged and they are therefore binding on all parties.

██ Appellant charges error because the trial court failed to submit its special requested issues inquiring if appellee was negligent in failing to apply his automobile brakes sooner than he actually did and if his failure to turn his automobile to the left immediately prior to the collision was negligence. In connection with each requested issue appellant further requested the submission of the question of proximate cause. Although the question of whether or not the bus stopped as it approached the intersection was strongly controverted, the jury found that the driver did stop the bus at the intersection as he was required to do under the law. But, according to the further finding of the jury, the bus driver failed to further comply with the law by yielding the right of way at the intersection to appellee's approaching automobile travelling on Live Oak Street. On the contrary he moved into the intersection in violation of the law at a time when it was hazardous so to do. Appellee saw the bus approaching and saw it slow down for the stop sign. He assumed the bus driver would stop and yield the right of way to his approaching automobile. Appellee then turned his vision toward the intersection to see that it was clear and continued his course in that direction. As he moved into the intersection he discovered that the bus had likewise moved into the intersection and was only a short distance away. As quickly as he could appellee applied his automobile brakes, skidded his wheels and used all possible means to avoid the collision. The jury found appellee kept a proper lookout and was not driving at an excessive rate of speed under the existing circumstances. That being true he was not under any duty to do more than he reasonably could for his own safety and the safety of others after he suddenly discovered the bus in front of him.

Appellee had a lawful right to assume the bus driver would yield the right of way to him. When he suddenly found the bus driver had not done so, the evidence conclusively shows that he immediately applied his brakes, which were in good condition, and did all an ordinary prudent person could have done to avoid the collision. There was no evidence even tending to show that appellee could have applied his brakes sooner, after suddenly discovering the bus in front of him, or that he had time to avoid the collision by turning to the left after seeing the bus suddenly appear in front of him. The bus was approximately 35 feet long and appellee was then closer to the bus than the distance of its length. Consequently there was no evidence to require the submission of appellant's requested special issues.

██ The trial court is required to submit the controlling issues made by the pleadings and the evidence but it is given much discretion in framing and submitting the issues accordingly. The trial court is not required to submit issues that are merely evidentiary or unnecessary. Neither is it required to submit various phases or different shades of material issues submitted. It is our opinion that the trial court submitted the controlling issues raised by the pleadings and the evidence and in the main they were answered against appellant.

██ Appellant further contends that appellee was guilty of contributory negligence as a matter of law because of his failure to yield the right of way to its bus driver and because appellee drove his automobile into appellant's bus at the intersection. For reasons previously stated neither the evidence nor the law justifies such contention and they, together with appellant's other assignments of error, are all overruled.

██ Appellee has presented a cross-assignment of error complaining because the trial court required a remittitur of $25 from the total damages awarded him by the jury because of the loss of the use of his automobile while it was being repaired. The record reveals that the remittitur was willingly made by appellee when the motion of appellant for a rehearing was being considered. Appellant had charged in its said motion that such an award for the loss of the use of appellee's automobile was not based on a proper measure of damages, and there was no evidence to support a proper meas-

ure of damages. The trial court's judgment overruling appellant's motion, except for the $25 remittitur, reveals that appellee expressed a desire to the trial court to make the remittitur when the matter was being considered and as a result of such an expressed desire of appellee the remittitur was made and judgment was rendered only for the remainder of the damages awarded by the jury. Because of the recitation in the trial court's judgment to the effect that appellee expressed a desire to the trial court to make the remittitur and such was made, appellee is bound by the said recitation set out in the trial court's judgment. For this reason appellee has waived his right to complain about the matter on appeal, even though he did except to the action of the trial court in the matter. There is likewise some question about appellee's having met the rules of law governing the measure of damages in such matters, but for the reason stated the question is no longer material.

For the reasons stated the judgment of the trial court is affirmed.