**H. C. ALLISON, Appellant,**

v.

**GULF LIQUID FERTILIZER COMPANY,**
Appellee.

No. 16556.

Court of Civil Appeals of Texas.

Fort Worth.

July 17, 1964.

Rehearing Denied Sept. 18, 1964.

Anderson & Anderson, and Wm. R. Anderson, Jr., Cleburne, for appellant.

John P. Dennison, Pecos, for appellee.

LANGDON, Justice.

This is a suit on a sworn account. The appellee, plaintiff below, based his suit upon a sale of 29,440 pounds of anhydrous ammonia, a liquid fertilizer, to the defendant, appellant herein, and sought interest and attorney's fees. The appellant answered by a verified denial and a cross-action. The allegations contained in the cross-action were denied by appellee.

Trial was to a jury. Based upon the verdict of the jury the trial court granted judgment for appellee in the amount of $2,060.-80, with interest, and attorney's fees in the sum of $600.00.

At the outset it should be noted that the appellant was not represented by counsel in the trial court.

Upon trial the sworn account with affidavit attached was offered and admitted in evidence. Witnesses for appellee testified that the official books and records supported the information contained in the affidavit. Numerous invoices and weight tickets were identified, reflecting the amount of liquid fertilizer delivered to the appellant. Appellee's testimony contradicted the appellant's contention that he had agreed to purchase 11,400 pounds of the fertilizer. It reflected and the jury found that he purchased and the appellee delivered 29,440 pounds of the fertilizer and that same had not been paid for. The pleadings and proof support appellee's contention and the jury's finding that there was no agreement of any nature whereby it was to direct, control and supervise the application of the fertilizer which it had sold to the appellant. The testimony reflected that the agreement concerning the sale of the fertilizer was one whereby the appellee would deliver fertilizer to the appellant, tank by tank, and set the gauges on each as requested by appellant. The purchases were a series of individual transactions.

The evidence and testimony show clearly the number of pounds purchased, the price per pound and the amount now due and unpaid. Without question the appellant ordered and received the anhydrous ammonia. Its use thereafter was clearly his own responsibility. Appellant offered no proof as to the amount of the liquid fertilizer which he claimed was lost by reason of a leaky regulator. Thus the jury had no basis upon which to make any allowance in his favor on account of the loss, if any, of the fertilizer.

The appellant by twelve points of error contends the court erred in submitting special issues Nos. 2 and 3 and in refusing to submit his requested special issues 2 through 9. His last three points complain of the judgment against him for $2,060.80 with interest and attorney's fees and the court's refusal to grant a new trial for jury misconduct. We affirm.

Special issue No. 1 inquired as to whether appellant purchased any anhydrous ammonia from appellee during the pertinent period. Based upon an affirmative answer to No. 1, the second issue inquired as to the number of pounds purchased. The jury answered "yes" to the first and "29,440" pounds to the second. The third issue answered "no" by the jury inquired as to whether there was an agreement whereby appellee would supervise the application of the anhydrous ammonia. This disposed of appellant's cross-action.

The record does not reflect that appellant made any objection to the charge of the court. Under Rule 274, Texas Rules of Civil Procedure, any complaint as to an issue shall be deemed waived unless specifically included in the objections. Thus, under the record in this case, all complaints as to the form of the issues and the instructions in connection therewith contained in the court's charge have been waived.

■ The contention that there was no evidence to support the submission of the special issues or the jury's answers thereto must be based upon and related to one or more of the following procedural steps in the trial court: (a) motion for instructed verdict; (b) objection to the submission of such issue to the jury; (c) motion for judgment notwithstanding the verdict; (d) motion to disregard the jury's answers. These are steps which must be taken before rendition of judgment. Appellant failed to comply with any of these procedural steps. 30 Tex.L.Rev. 803; 38 Tex.L.Rev. 361, 362, and cases cited therein. There is no basis in this record for the no evidence points.

■ The appellant's complaints that the evidence was insufficient to support the submission of the issues and the jury's answers thereto are related to and based upon assignments of error in his motion for new trial filed after the entry of judgment. 38 Tex.L.Rev. 361, infra; Rule 279, T.R.C.P. Our review of the record as a whole reflects that the evidence factually supports all of the jury's findings and therefore such findings are not contrary to the great weight and preponderance of the evidence.

■ Specifically the appellant's contention that it was error to enter judgment against him for $2,060.80 with interest and attorney's fees because of no evidence or insufficient evidence are without merit. We have previously disposed of the no evidence point. Under the record as a whole, there was sufficient evidence to support the judgment of the court, including interest and attorney's fees.

In connection with his assignments of error based upon the court's refusal to submit seven of the issues requested by him he stated in connection with each, "that the trial court erred in refusing to submit defendant's requested issue No. ——, which defendant timely presented and filed with the Court but which requested issue has not been filed with the papers in said cause." The transcript, however, reflects a single instrument designated as "Defendant's Requested Special Issues." It contained ten special issues listed over the signature of appellant.

■ The trial court is required to submit the controlling issues made by the pleadings and the evidence. It is given much discretion in framing and submitting such issues. The court is not required to submit issues that are merely evidentiary or unnecessary. It is not required to submit various phases or different shades of the material issues submitted. Dallas Railway & Terminal Co. v. Straughan, 254 S.W.2d 882 (Amarillo Civ.App., 1952, no writ hist.). Some of the issues were given by the court and others refused. None of the issues complained of were controlling, ultimate or material issues.

The trial court in this case submitted the controlling issues raised by the pleadings and the evidence. Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786 (1941). See also Vaughn v. Watkins, 344 S.W.2d 902, 904 (Eastland Civ.App., 1961, writ ref. n. r. e.); Rule 274, T.R.C.P. See also Davis v. Massey, 324 S.W.2d 242 (Waco Civ.App., 1959, no writ hist.).

■ In his motion for new trial the appellant attaches several affidavits in support of his point on jury misconduct. The record does not reflect that any of the jurors were brought into court for a hearing or that such a hearing was requested. The affidavits of jurors regarding alleged misconduct were neither evidence nor admissible as such on the hearing for a new trial on the ground of jury misconduct. City of Houston v. Fondren, 198 S.W.2d 480 (Galveston Civ.App., 1946, ref. n. r. e.). The witnesses must be timely presented in court. Texas Livestock Marketing Ass'n v. Rogers, 244 S.W.2d 859 (San Antonio Civ.App., 1951, ref. n. r. e.). The burden was on the appellant to show both that the alleged misconduct occurred and that he was probably injured thereby. He did neither.

See City of Houston v. Fondren, supra, and cases cited therein.

"The remedy for setting aside a jury's verdict for misconduct is to allege the facts constituting such misconduct in the motion for a new trial, and at the time the motion for a new trial is presented the hearing is had on the alleged misconduct of the jury. Appellant did not avail himself of such remedy." Brannen v. City of Houston, 153 S.W.2d 676, 678 (Galveston Civ. App., 1941, ref.). See also 41 Tex.Jur.2d, p. 79, § 33, and Rule 327, T.R.C.P., and cases cited thereunder.

Based upon the authorities above cited and for the reasons stated, we are of the opinion that all of the points of error raised by the appellant should be and the same are accordingly overruled and the judgment of the trial court affirmed.

Affirmed.