**Nellie McNUTT et vir, Appellants,**

**v.**

**I. QUALLS, Appellee.**

**No. 17115.**

Court of Civil Appeals of Texas.

Dallas.

Sept. 27, 1968.

Rehearing Denied Oct. 25, 1968.

Bob Roberts, of Gallagher, Wilson, Berry & Jorgenson, Dallas, for appellant.

Stephen Johnson, of Touchstone, Bernays & Johnston, Dallas, for appellee.

DIXON, Chief Justice.

This appeal brought by appellant Mrs. Nellie McNutt, joined by her husband, involves a rear end collision of automobiles.

Mrs. McNutt was driving the front car. Mrs. Wanda Jean Qualls, appellee, was

driving the second car, which ran into the rear of Mrs. McNutt's car.

A third car thereafter ran into the rear of the second car. However this collision did not propel the second car into the first car again. So we are concerned here only with the first collision, that between the second and first cars.

A jury was unable to agree, so did not answer any of the special issues submitted with reference to the alleged negligence of appellee Qualls, driver of the second car, except to answer "No" to an issue inquiring whether said appellee failed to make a proper application of her brakes.

As to appellant McNutt the jury found that she did not fail to give a signal or warning of her intention to stop her vehicle. However the jury did find in answering Special Issue No. 10 that she "either slowed or stopped her automobile suddenly upon a public highway * * * when the same could not be done with safety." The jury further found in answering Issues Nos. 11 and 12 that such act was a failure to exercise ordinary care and was a proximate cause of the injuries and damages sustained by appellant.

Based on the findings of contributory negligence and proximate cause the court rendered judgment that appellant McNutt take nothing by her suit.

In her first three points of error appellant asserts that there is no evidence to support the jury's answers to the three special issues answered adversely to her. We do not agree. Appellant's first three points are overruled.

In her next six points appellant says that the answers to the three issues in question are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust—in other words, that the evidence was insufficient to support the jury's answers. We agree with appellant.

## EVIDENCE

Many of the facts are undisputed. The collision took place at about 6:45 o'clock on the morning of February 9, 1966 on the R. L. Thornton Freeway in the City of Dallas. A heavy rain was falling. It was still dark. All cars were being operated with their lights on. Both ladies are employed and were on their way to the places of their employment. Traffic was very heavy, as it usually is at this hour of the day.

*Testimony of Appellant McNutt.* Mrs. McNutt testified that as she was traveling at about 40 or 45 miles per hour she reached the top of a rise on the highway and saw a line of slowly moving traffic ahead of her about the length of a football field. She thereupon applied her brakes and gradually slowed down to a speed of five to ten miles an hour. The street was wet, but not slippery. She had no trouble in slowing her speed. She did not bring her car to a complete stop. It was then that her car was hit in the rear by the car operated by appellee Qualls. Though she had not given a hand signal of her intention to slow down or stop Mrs. McNutt had given a slow or stop signal by means of her brake lights.

*Testimony of James W. Forrester.* James W. Forrester, an accident investigator of the Dallas Police Department, testified that he arrived at the scene of the accident at 7:05 o'clock A.M. When he arrived the McNutt car was about 45 or 50 feet from the point of impact. The impact between the vehicles occurred about 350 feet west of the Dolphin Street exit. It had rained hard. The street was fairly slick. Appellee Qualls told him that prior to the collision traffic had been backing up—it was stopping, but due to the wet street she was unable to stop. She described the traffic stopping ahead of appellant McNutt. Appellee Qualls did not indicate to Officer Forrester that appellant McNutt had made any type of a sudden or unusual stop. The officer further testified that appellant McNutt told him she was

stopping, in fact had come to a stop at the time of the impact.

*Testimony of Mrs. Lawanda Gillies:* Mrs. Lawanda Gillies, driver of the third car (which ran into the rear of the Qualls car) testified that she saw the Qualls car slide into the rear of the McNutt car. The pavement was wet and slick. She saw the brake lights of the McNutt car go on. She believes the McNutt car had come to a stop. But there was nothing unusual in the way the McNutt car stopped. It did not skid, or go sideways. It went straight ahead. Mrs. Gillies could not say that the McNutt car "stopped fast * * *." She testified at the trial that she did not see traffic ahead of appellant McNutt, but she had earlier testified in a deposition that she did see traffic several car lengths ahead of the McNutt car and that when the brake lights of the McNutt car went on there was traffic ahead approximately several car lengths or more. Mrs. Gillies admitted that the answers in her deposition were probably more accurate than her testimony at the time of the trial. Mrs. Gillies said that she saw the brake lights go on immediately before the impact of the Qualls and McNutt cars. However in her deposition she testified that the brake lights on the McNutt car went on before Mrs. McNutt reached the Dolphin Street exit of the freeway, which was some distance ahead of the point where the collision occurred. (Officer Forrester testified that the Dolphin Street exit is about 350 feet from the point of impact.) On this point Mrs. Gillies testified at the trial that she believed that she was mistaken in her testimony in her deposition.

*Testimony of Appellee Qualls.* Appellee Qualls testified that the brake lights on the McNutt car came on right after the Dolphin Street exit. She did not know whether there was any traffic ahead of the McNutt car at that time, though "if you have been on the Expressway that time of the morning, I mean, I'm sure there was traffic ahead of you." She was not saying that Mrs. McNutt didn't slow down for traffic ahead of her. There may have been traffic ahead of her that caused Mrs. McNutt to slow down. When she first saw the McNutt car stopping it was moving "awful slow." She saw the McNutt car when she was "some distance" away from it; and the next time she noticed it was when she (appellee Qualls) was two or three car lengths away from the McNutt car. She did not know whether the McNutt car had stopped at the time of the collision.

On her second appearance on the witness stand later in the trial the testimony of appellee Qualls differed in some respects from her earlier testimony. She testified that the first time it appeared to her that there was any danger or there was likely to be an accident was when the McNutt car's brake lights came on when the McNutt car was still traveling 35 or 40 miles per hour and she (Mrs. Qualls) was traveling about the same rate. She instantly hit her brakes. She did not see any reason for the McNutt car to stop. Her car skidded into the McNutt car which was stopped. She would say that she was going about five or ten miles per hour when she skidded into the rear of the McNutt car. She knew she could have stopped short of the collision if the street had not been slick. The McNutt car stopped all of a sudden.

After a careful study of the whole record we are convinced that the evidence is insufficient to support the jury's answers to the three special issues inquiring as to the alleged contributory negligence and proximate cause in regard to the conduct of appellant McNutt—especially as to proximate cause. See Ussery v. Ewell Hodges, Inc., 417 S.W.2d 332 (Tex.Civ. App., Tyler 1967, writ ref'd n.r.e.); Morris v. Long, 410 S.W.2d 308 (Tex.Civ.App., Eastland 1966, no writ); Dobson v. Gulf Supply Co., 399 S.W.2d 882 (Tex.Civ.App., Houston 1966, writ ref'd n.r.e.); Watkins v. Davis, 308 S.W.2d 906 (Tex.Civ.App., Dallas 1957, writ ref'd n.r.e.); Caraway v.

Behrendt, 224 S.W.2d 512 (Tex.Civ.App., San Antonio 1949, no writ); Vol. 2, Blashfield Cyclopedia of Automobile Law and Practice, Perm.Ed., Sec. 942, p. 143.

We sustain appellant's points four to nine inclusive.

■ In her tenth point of error appellant asserts that the court erred in submitting Special Issue No. 10 in the form in which it was submitted because (1) the issue amounts to a general charge and does not give any guidelines upon which the jury should limit itself; (2) the issue inquires about two separate facts: (a) whether Mrs. McNutt slowed or stopped suddenly upon a public highway, and (b) whether such slowing or stopping took place when it could not be done with safety; (3) the issue does not contain any proper definitions to aid the jury in determining what is meant by "when it could not be done with safety," or whose safety is involved.

We agree with appellant as to the first two grounds above stated. The issue in the form submitted is duplicitous and sets no specific limits for the jury in determining "when the same could not be done with safety." The issue really involves several ultimate questions in regard to traffic conditions requiring Mrs. McNutt to slow or stop her automobile, the speed of the vehicles, the application of brakes, proper lookout on the part of Mrs. McNutt, her warning that she was about to slow or stop her car, and others.

In Smith et al. v. Chase, 405 S.W.2d 450 (Tex.Civ.App., Dallas 1966, writ ref'd n.r. e.), we reversed the judgment of the trial court because of the submission of an issue not unlike the issue in question here. Our Supreme Court refused a writ n.r.e., thus agreeing with our decision in the case. See also Barclay v. C. C. Pitts Sand and Gravel Co., 387 S.W.2d 644 (Syl. 4) (Tex. Sup.1965); Psimenos v. Huntley, 47 S.W. 2d 622, 624 (Tex.Civ.App., Waco 1932, no writ).

■ We do not agree as to the third ground urged by appellant in her tenth point. The rule is that if a party wishes to complain because of the court's failure to submit a definition, the complaining party must prepare and tender to the court a proper definition. This was not done. Rule 279, Texas Rules of Civil Procedure; Yellow Cab and Baggage Co. v. Green, 154 Tex. 330, 277 S.W.2d 92 (1955).

Since we agree with the first two grounds presented by appellant in her tenth point, we sustain said point.

In her eleventh point appellant contends that it was error to overrule her motion for new trial because harmful jury misconduct was conclusively shown. To support this contention appellant relies on an affidavit by C. B. Huddleston, one of the jurors. No testimony was offered in regard to the alleged misconduct.

■ Appellant's eleventh point must be overruled. Rule 327, T.R.C.P., provides that if the ground of a motion for new trial is misconduct of the jury "the court shall hear evidence thereof from the jury or others in open court * * *." The misconduct is not provable by affidavit alone. Allison v. Gulf Liquid Fertilizer Co., 381 S.W.2d 684 (Tex.Civ.App., Fort Worth 1964, no writ); Senn v. Strange, 366 S.W.2d 612 (Tex.Civ.App., Amarillo 1963, no writ); Texas Livestock Marketing Ass'n v. Rogers, 244 S.W.2d 859 (Tex.Civ.App., San Antonio 1952, writ ref'd n.r.e.); City of Houston v. Fondren, 198 S.W.2d 480 (Tex.Civ.App., Galveston 1947, writ ref'd n.r.e.); see also McCormick & Ray, "Texas Law of Evidence," Vol. 1, p. 330, note 40.

Since we have sustained appellant's fourth to ninth points inclusive and the tenth point as to two of the asserted grounds the judgment of the trial court will be reversed and the cause remanded to the trial court for another trial.

Reversed and remanded.