Harold **LEVINE** and **Rolf R. Haberecht,**
**d/b/a H & L Enterprises, a**
**Partnership, Appellants,**

v.

**Patricia SMITH, Appellee.**

**No. 18511.**

Court of Appeals of Texas,
Fort Worth.

Dec. 3, 1981.

Rehearing Denied Dec. 31, 1981.

John R. Jensen, Arlington, for appellants.

Robert T. Stites, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellee sued to recover damages from her landlords' seizure of personal property in her apartment. Upon a jury's findings, judgment awarded appellee the value of her property, punitive damages and attorney fees, pursuant to Tex.Rev.Civ.Stat.Ann. art. 5236d (Supp.1980–1981).

We affirm.

Suit was filed May 29, 1979, and originally sought recovery for damages under the Deceptive Trade Practices—Consumer Pro-

tection Act, Tex.Bus. & Comm.Code Ann. § 17.41, (Supp.1980–1981), et seq. Appellants responded with a general denial.

On September 12, 1980, appellants filed an amended answer containing eighteen special exceptions. They did not ask the court to rule on the exceptions until trial began on September 22.

The court sustained seven of the exceptions on that date, a jury was selected, and the trial was recessed until September 23.

At the opening of proceedings on September 23, appellee filed an amended petition only asking damages under art. 5236d and not for deceptive trade practices.

The amended petition, however, increased the claim for actual damages from $900.00 to $2,100.00 and increased the attorney fee demand from $1,500.00 to $1,750.00. Out of the jury's presence, appellant argued surprise, moved to strike the amended petition, and sought a continuance.

Nothing in the motion for continuance claimed surprise so that appellants would be prejudiced if put to trial under appellee's amended pleading, nor was there any sufficient premise made for justified complaint of denial of continuance. See Tex.R.Civ.P. 70, 251.

The trial court noted that (a) the cause had been pending nearly sixteen months; (b) appellants had not sought any discovery; (c) their own special exceptions had successfully removed deceptive trade practices allegations from the suit; and (d) the appellants' amended answer already had conceded the applicability of art. 5236d.

The court rejected the argument of surprise and denied the motions to strike and for continuance.

Appellants next asked leave to file a supplemental answer, pleading for the first time a $174.26 right of offset for past due rents and lease charges.

Appellee objected, pleading surprise. The objection was sustained, the trial court noting that the right of offset was not consistent with appellants' prior pleadings and therefore not timely because made on the second day of trial. A bill of exceptions was granted to the court's refusal to grant leave to file the supplemental answer.

■ Appellants' first and second points of error contend that the denials of their motions to strike the amended petition, grant continuance and file the supplemental answer were abuses of discretion by the trial court.

Having reviewed the statement of facts and reasons stated by the court for its actions, we find no abuse of discretion. Tex.R.Civ.P. 63; *Hardin v. Hardin*, 597 S.W.2d 347 (Tex.1980); *Allen v. Whisenhunt*, 603 S.W.2d 242 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ dism'd); *Durham v. Uvalde Rock Asphalt Co.*, 599 S.W.2d 866 (Tex.Civ.App.—San Antonio 1980, no writ).

Absent the trial court's clear abuse of its broad discretion in granting or refusing a trial amendment, we will not disturb the court's ruling.

Appellants' first and second points are overruled.

■ In their requested special issue, appellants borrowed the definition of "tenant" from arts. 5236e and 5236f, since art. 5236d does not define the word. Those statutes are among a series of companion acts which govern landlord-tenant relationships.

The word "tenant" is used in the same context in each statute in the series. We therefore conclude that the legislature intended "tenant" to have the same meaning in those articles where it is not defined as it does in those containing the definition.

■ Appellants' third point of error is that the trial court should not have denied their timely motion for directed verdict, because there was no evidence that the appellee was a "tenant" within the meaning of art. 5236d.

Concurrently, we consider appellants' fourth point which complains of the trial court's refusal to submit their requested issue as to whether appellee was a "tenant."

The issue requested and denied was:

"SPECIAL ISSUE # 1

"Do you find from a preponderance of the evidence that Patricia Smith was a 'Tenant' of the Casa Madrid Apartments?

"You are instructed that the term 'Tenant' means any person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others.

"ANSWER 'YES' or 'NO'

"ANSWER: _____ "

We have reviewed the evidence in its entirety and find by undisputed evidence that the appellee had been a "tenant" in appellants' Casa Madrid Apartments in Arlington, Texas, at times material to this lawsuit.

Paragraph XXII of appellants' amended answer acknowledges that fact, and paragraph XXIII even uses the word "tenant" to describe appellee, while denying the existence of a written lease.

Article 5236d does not require a written agreement to create a landlord-tenant relationship. Section 3 makes clear that the scope of the statute extends to both oral and written tenancies.

Appellants, however, view "tenancy," or lack thereof, as a controlling issue.

Appellants appear to reason that (1) there was some question as to when, or if, appellee vacated the apartment; (2) anytime she ceased to reside in the apartment, she *ipso facto* ceased to be a "tenant"; and (3) *ipso jure* ceased to be eligible under art. 5236d to bring this action against appellants.

However, if appellee thereby ceased to be a "tenant" and so lost her rights under the statute, the appellants likewise ceased to be her "landlord" and so lost their own statutory rights.

We do not construe the statute to that effect.

We conclude that art. 5236d does not depend for its application upon the existence of a continuing tenancy on the day the landlord seizes property from the premises. Section 6 makes clear that a landlord's lien born when the tenancy began does not die when tenancy ceases and the premises are abandoned.

Section 6 is authority for enforcing the landlords' lien after tenancy has ceased:

"Sec. 6. Nothing herein shall prevent a landlord or his agent from removing the contents of the premises when the tenant has abandoned the premises."

If the landlord's rights under art. 5236d survive the tenancy, so must the tenant's statutory remedies for any willful violation of the statute by the landlord.

Appellee's amended petition alleged her to be a "tenant" on the facts of this case.

Appellants' amended answer concedes appellee to be a "tenant" and, as defense against her suit for damages, claims to have seized her property by the authority of sec. 6, due to her alleged abandonment of the premises.

■ The trial court is required to submit only the controlling issues raised by the pleadings and the evidence. Tex.R.Civ.P. 277, 279; *Martin v. Jenkins*, 381 S.W.2d 115 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e. at 384 S.W.2d 123); *Simmons Motor Company v. Mosley*, 379 S.W.2d 711 (Tex. Civ.App.—Austin 1964, writ ref'd n.r.e.).

A controlling issue is one that when answered favorably to the theory in which it is presented will form the basis for a judgment for the proponent of the issue. *Simmons Motor Co., supra.*

If appellants' "tenant" issue had been submitted to the jury and answered favorably to appellants, it would not have formed any basis for judgment in their favor.

The controlling issue, for appellants, was whether or not the appellee had abandoned the premises. The jury found she had not.

Appellants' third and fourth points of error are overruled.

■ Their fifth point complains of the trial court's refusal to submit a special issue to determine the beginning and ending dates of appellee's residency at the Casa Madrid Apartments.

The trial court is not required to submit issues that are merely evidentiary. *Allison v. Gulf Liquid Fertilizer Company*, 381

S.W.2d 684 (Tex.Civ.App.—Fort Worth 1964, no writ).

Appellants' fifth point of error is overruled.

Judgment of the trial court is affirmed.